IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMMA C. et al.,

                Plaintiffs,

    v.

DELAINE EASTIN, et al.,

                Defendants.

NO. C96-4179 TEH

ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED

        This Court held a status conference in this matter on November 29, 2007. The purpose of the status conference was, in large part, to discuss the Ravenswood School District's failure to comply with those portions of the RSIP relating to IEP implementation, compensatory education, and recruitment and retention of qualified staff, including what the California Department of Education could contribute to compliance through technical support and oversight.

        The District started the status conference with an "update" on its staffing situation:

Ms. Armsby: ... the individuals from the Philippines that we referenced in our status conference statement, which as you have acknowledged, are, as far as the District is concerned, very crucial to the District's current situation and the ability to deliver compensatory education services have now arrived. They are all fully ensconced within the district. And that is six --

Mr. Lovelace: Yes.

Ms. Armsby: -- fully credentialed speech language pathologists.

Mr. Lovelace, the District's Director of Human Resources, confirmed that all six had arrived and represented that two had started work:

The Court: Great. Wonderful. Now, you said the six individuals from the Philippines have arrived?

Ms. Armsby: Yes.

| | | |
|---|---|---|
| 1 | The Court: | That's one thing.  When will they be -- |
| 2 | Ms. Armsby: | No, they have started. |
| 3 | The Court: | Oh, they have started.  Okay. |
| 4 | Mr. Lovelace: | Two of them have started.  They have their Social Security and fingerprint clearance.  And on the other four we are just waiting for that to happen, so tomorrow or the next day they will begin work. |
| 5 | | |
| 6 | The Court: | Good. |

The Court has since been informed that the District's representations were not true. To date, apparently, not all six are in the country, none had started working as of the date of the status conference, and only one started working by December 3, 2007.

The Court has inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 46, 111 S.Ct. 2123 (1991).  The ability to sanction under the Court's inherent power "extends to the full range of litigation abuses." *id*. at 46; s*ee also Hutto v. Finney* 437 U.S. 678, 690 n.14 (1978)(sanctions for delaying or disrupting litigation in bad faith); *Lasar v. Ford Motor Co.* 399 F.3d 1101 (9th Cir. 2005).   The Court can sanction not only bad faith conduct, but reckless misstatements coupled with an improper purpose. *Fink v. Gomez,* 239 F.3d 989, 991-92, 994 (9th Cir. 2001).

Accordingly, the Defendant Ravenswood School District is hereby ordered to SHOW CAUSE why it should not be sanctioned for making the above representations to the Court, either in bad faith or as part of conduct tantamount to bad faith.  The District shall submit a written response to this Order to Show Cause, supported by declaration, no later than December 12, 2007.   The Court will hold a hearing on the matter at 10:00 a.m. on Monday, December 17, 2007 in Courtroom 12.  The District would be well advised to have all individuals who were involved in gathering and conveying the information set out above to the Court on November 29, 2007, present in court, as well as individuals who can testify accurately under oath about the speech pathologists' current employment status.  In conducting its inquiry, the Court will be mindful that "sanctions should fall on the client

rather than on counsel when the attorney has relied reasonably on the client's misrepresentations or the client's failure to disclose relevant facts – but the reliance by the attorney on the client must be reasonable under the circumstances." 51 Wright & Miller, 51 *Federal Practice and Procedure* § 1336.2 at 663-664 (discussing Rule 11).

The Court will consider sanctions in the form of both fines and an award of attorney's fees. Other parties and the Court Monitor may, but are not expected or required, to attend the hearing.

**IT IS SO ORDERED.**

Dated:        12/4//07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3