United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMMA C. et al.,

                Plaintiffs,

v.

DELAINE EASTIN, et al.,

                Defendants.

NO. C96-4179 TEH

ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED

This Court issued an Order on December 20, 2007 that required Defendant CDE to perform a staffing analysis for Ravenswood School District by January 28, 2008. Specifically, it ordered:

> Using the IEPs of students rather than the District database (as the RSIP does not currently contain an effective measure of database accuracy), CDE shall determine the appropriate staffing level for special education and related services providers (teachers, occupational therapists, speech therapists, psychologists, paraprofessionals, social workers, etc.) in the District. In calculating the number of staff needed, CDE should allow adequate time for staff attendance at IEP meetings, parent-teacher conferences, planning time, collaboration with general educators, other case management activities, travel time (for staff who serve students at more than one school site) and staff meetings. By analyzing staff absences, CDE shall also determine the number of "floater" substitutes necessary to ensure uninterrupted service delivery during staff absences and the delivery of compensatory education when staff are not absent.
>
> The results of this analysis shall be communicated to the Court Monitor and the Parties by memorandum no later than January 28, 2008.

Order at 5:7-19.

On January 28, 2008, CDE submitted what it labeled "Staffing Analysis Report" to the Court Monitor. This document contains not even a tentative staffing analysis. At best, it is a description of the few steps CDE has taken to start performing a staffing analysis.

The Court "possess[es] [the] inherent authority to initiate contempt proceedings for disobedience to [its] orders." *Young v. U.S. ex rel Vuitton et Fils S.A.A,* 481 U.S. 787, 793 (1987); *Spallone v. United States*, 493 U.S. 265, 276 (1990). "The judicial power to invoke coercive contempt sanctions is statutorily authorized by [18 U.S.C.] § 401," *Armstrong v. Guccione.* 470 F.3d 89, 108 (2nd Cir. 2006), which provides:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

A party may be held in civil contempt where it "failed to take all reasonable steps within the party's power to comply [with a specific and definite court order]. *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993).

This Court's December 20, 2007 Order was definite and specific. Despite a stern warning in this Court's January 7, 2008 Order granting CDE an extension of time to comply with a different portion of the Order, CDE sought no advance relief from this deadline. It has simply failed to comply with this Court's Order.

Accordingly, the Defendant California Department of Education is hereby ordered to SHOW CAUSE why it, or its officers or employees, should not be sanctioned for failure to comply with this Court's December 20th, 2007 Order. Hearing on the Order to Show Cause is set for Wednesday, February 27, 2008 at 10:00 a.m. CDE's written Response to this Order to Show Cause, and any supporting evidentiary submissions, are to be filed by

February 20, 2008. Every single individual responsible for complying with the staffing analysis portion of this Court's December 20th Order is expected to explain, under oath, what steps he or she took to comply with the Court's Order, and on what date. Each such individual is also ordered to appear and testify at the hearing. After the hearing, the Court will determine whether CDE failed to take all reasonable steps to comply with the Order.

Any responsive submission by Plaintiffs should be filed by February 25, 2008.

The Court will consider sanctions in the form of both fines and an award of attorney's fees. The Court Monitor shall attend the hearing; other parties may, but are not required, to attend.

**IT IS SO ORDERED.**

Dated: 1/31/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT