IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMMA C. et al.,

                Plaintiffs,

    v.

DELAINE EASTIN, et al.,

                Defendants.

NO. C96-4179 TEH

ORDER RE: BRIEFING ON ALLOCATION OF COSTS RELATING TO DECEMBER 20, 2007 ORDER

The Court Monitor has informed the Court that the parties were unable to reach agreement on the allocation of costs Defendants will incur complying with the Court's December 20, 2007 Order. The parties are hereby ORDERED to file briefs relating to allocation of those costs which conform to the requirements set out below.

In Section III.C of the December 20, 2007 Order, this Court set forth three principles to guide the allocation of the costs:

    1) to the extent that this Order requires CDE to provide a service for which Ravenswood is currently funded through the RSIP budget, such funds shall revert to CDE;

    2) for services not covered by the RSIP budget and for which Ravenswood does not currently receive funding from other sources, additional costs shall be allocated between the Defendants in accordance with the current allocation agreement for the 2007-08 school year (45% CDE, 55% Ravenswood); and

    3) for services not covered by the RSIP budget and for which Ravenswood does receive funding from state and federal sources, and for which CDE will now be responsible, such funds shall revert to CDE.

December 20, 2007 Order at 8-9.[1]

---

[1] In its February 29, 2008 filing with this Court, CDE argued that state law requirements will make it impossible to have funds "revert" to the CDE. The principles set out above are merely intended to govern who will bear costs. The specifics of how and when funds will be distributed or redistributed may be worked out between the parties or, if necessary, treated as offsets in next year's budget.

There are six remaining areas of CDE responsibility for which the Court must allocate costs: determining service deprivations, ensuring the delivery of compensatory education, placing three IEPCs in the District, assisting the District in developing methods of supervision, oversight and recommendations related to the District's Human Resources office, and assisting the District in applying for funding.

For each of these six responsibilities or functions, each Defendant shall identify which of the three principles from the Order apply.

If the Defendant contends the function is funded by the '07-'08 RSIP budget, it should identify the specific line item(s) in that budget believed to fund it and explain the rationale for its argument. The Defendant should attach and clearly reference any documentation that it believes support its view (for example, job descriptions, policies and procedures).

If the Defendant believes that the District is funded by state or federal sources for that function, the Defendant shall identify the source of that funding, the reasons for its view, and the extent to which it is so funded (amounts and percentages). The party should include, where appropriate, clear citations to state or federal statutes and regulations which govern. If a Defendant is relying on state or federal grant award documents or any other documents, it should attach copies of those documents and refer specifically to the portions of those documents it believes support its position.

Each Defendant shall include a declaration by the person or persons from that entity most knowledgeable, within the meaning of Federal Rule of Civil Procedure 30(b)(6), about the funding stream that would ordinarily pay for each function, which addresses the issues above.

The Defendants' briefs on allocation of costs shall be filed no later than April 16, 2008.

Each Defendant may file a responsive brief on or before April 25, 2008. The Defendants should take care to address both each others' arguments and factual assertions about funding streams and sources. The Court will assume that each Defendant does not

2

1  dispute the other's factual assertions if those assertions are not addressed or specifically
2  contradicted in responsive briefs.
3      The Court Monitor shall make recommendations to the Court for allocation of costs
4  on or before May 2, 2008.

6  **IT IS SO ORDERED.**

8  Dated:    4/03/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT