IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMMA C. et al.,

                Plaintiffs,

      v.

DELAINE EASTIN, et al.,

                Defendants.

NO. C 96-4179 TEH

ORDER

        This Order seeks information relating to Defendant Ravenswood City School District's continuing inability to provide parents with documents translated into their primary language, as required by RSIP § 8.

        In his October 31, 2007 RSIP Compliance Trends Report, the Court Monitor noted that Ravenswood had only 43.6% compliance with RSIP Requirement 8.3.1, which requires the District to provide parents a translated assessment report five days prior to an IEP team meeting, and 33.3% compliance with RSIP Requirement 8.4.3, which requires the District to provide parents a full written translation of their child's IEP with 45 days of the IEP team meeting.

        In its November 14, 2007 Status Conference Statement, the District responded that it had changed its methods of processing translations mid-year, and that it anticipated far better compliance. The District had "taken steps to remedy this issue, including filling the vacant position, purchasing specialized translation software and hiring a certified trainer to upgrade the software with a customized dictionary and train both translators and additional qualified staff in using the software." *Id.* at 4. In reliance on these assurances, the Court stated at the November 29, 2007 Status Conference that it would wait for assessments of the District's new policies in subsequent Quarterly Reports from the Court Monitor.

Subsequent reports showed no improvement, however. The December 2007 and March 2008 Quarterly Report showed, respectively, 20% and 7.7% compliance with Requirement 8.3.1. Both showed *zero* compliance with Requirement 8.4.3.

At the March 19, 2008 Status Conference, the Court again addressed the translation issue. and demanded that the District identify the person responsible for ensuring compliance with Requirement 8.4.3. The District identified Nancy Elium, the Assistant Superintendent for Special Education, and the Court issued an Order that she would be subject to sanctions if she failed to ensure 95% compliance with § 8.4.3.

Now, at the close of the 2007-08 school year, the District has done no better. The Court Monitor informs the Court that his next Quarterly Report will reflect zero compliance with 8.3.1 and only 11.1% compliance with 8.4.1. At the May 29, 2008 Status Conference, the District again assured the Court that three or four people were working on translations and that improvement was imminent. The Court ordered the District to provide the Court with the names of individuals providing translations. The District has done so. These individuals are: Georgina Perez, Maria Pineda, Rosa Diaz, Sophia Odenate, Melida Bermudez, and Carmen Solis.

The District is hereby ORDERED to file, by June 23, 2008, declarations from each of these individuals, and any other individuals who perform the translations required by RSIP 8.3.1 and 8.4.3, describing the process by which they perform translations. These declarations should set out the following, to the extent that they are within the personal knowledge of the declarant:

1. The individual's name and position or title at Ravenswood City School District.
2. What documents required to be translated under RSIP 8.3.1 and 8.4.3 the individual translated between March 1, 2008 and June 1, 2008, including the date the translation was completed and approximately how long each translation took. The declarations should preserve student confidentiality by using initials for student names.
3. How the individual receives translation assignments of documents required to be translated under RSIP 8.3.1 and 8.4.3, including from whom, and by what means.

2

4. What materials or documents, if any, accompany the assignment.

5. What record is kept of the assignment, and by whom.

6. How the due date of the translation is communicated to each individual.

7. Who supervises performance of the translation, and how. Give specifics of the oversight, including any oversight of compliance with completion deadlines.

8. How the translation is performed (e.g. simple translation, using a computer program, some other means).

9. When and where the translations are typically performed.

10. Who is notified when the translation is complete, and how.

11. What records are kept of the translation.

12. What the individual does with the translated document and to whom it is distributed.

13. What records the individual keeps of translations performed.

14. What, if any, review of the translation for accuracy is performed, and by whom.

15. What system is in place for tracking and overseeing translations, and how it functions.

16. Whether the individual translates the documents as part his or her regular duties as an employee or contractor of the District, and if not, how much and in what matter the individual is paid for translations.

By the same date, the District shall submit a letter describing, in detail, its system for assigning, tracking, and overseeing translations. The letter shall include the names of those individuals who submit, manage, and enter data relating to translations, and the person or persons who track and oversee translations.

**IT IS SO ORDERED.**

Dated:   June 5, 2008

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3