IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMMA C., et al.,

    Plaintiff,

v.

DELAINE EASTIN, et al.,

    Defendants.

NO. C 96-4179 TEH

**ORDER REGARDING PROVISION OF COMPENSATORY SERVICES**

The Court is in receipt of the Court Monitor's Directive of September 22, 2008, and the responses of the California Department of Education ("CDE") of October 1 and 3, 2008, which are attached to this Order. CDE's response to the Monitor's Directive indicates that some confusion may have remained following the Status Conference held on July 30, 2008. To clarify, the Court's prior Order on the matter of compensatory education unambiguously states:

> After determining the service deprivations for each student, CDE shall adjust the list for all service deprivations already captured by the District's self-monitoring efforts or the Court Monitor's findings on this subject. *CDE shall then determine the extent to which current District service providers can, in addition to their regular service delivery responsibilities, deliver the necessary compensatory services to students in a timely manner (if at all). CDE shall then contract with a sufficient number of providers to ensure the timely delivery of compensatory education to the affected students.*
>
> The District, with supervision and oversight from CDE, shall notify parents of each student with an offer of compensatory education, in accordance with the compensatory education provisions of the RSIP. The District's current system of tracking compensatory education eligibility and provision shall be used for the purpose of tracking. *CDE shall then ensure the timely, full and competent delivery of the compensatory services.*

December 20, 2007 Order at 6-7 (emphasis added). No discussion at the July 30 Status Conference supersedes the express language of that Order. Absolute responsibility for the provision of compensatory special educational services to the Plaintiff class for the time

period at issue still lies with the CDE, contrary to the position expressed in the CDE's response of October 1, 2008.

The attached documents further demonstrate that although the CDE has taken some steps towards compliance with the Court's Order of December 20, 2007, performance is clearly lagging in the fulfillment of these responsibilities. The Court is alarmed that nearly a year has passed since CDE was ordered to provide compensatory services to these children, whose civil rights and academic futures are at stake. Further delay is unacceptable.

Accordingly, and good cause appearing, it is HEREBY ORDERED that the California Department of Education shall:

(1) Enact the plan ("the CDE plan") it articulated in its October 3, 2008 response to the directive of the Court Monitor, specifically:

> On a weekly basis TES will provide CDE with schedule of services to be provided, including names of students, the service provided, minutes provided, balance owed, and planned dates to continue service. CDE will monitor that the students are receiving the services and determine whether or not alternate steps should be taken to ensure the services are provided.
>
> The district will work towards making its facilities and transportation available for the provision of compensatory services; however, the availability of transportation services and/or district facilities will not preclude TES from providing services to students.
>
> Where feasible and not to interfere with the ongoing duties of district providers, CDE will work with the District to support the efforts of TES in providing compensatory services. The system developed collaboratively by the CDE and District to support TES in the provision of court ordered compensatory services will be a model the District can use to address future compensatory service needs. The district will be able to monitor implementation of IEP services, identify when compensatory services are owed, and provide compensatory services timely.
>
> CDE will ensure that all parties (District, Plaintiffs' Attorneys, and Federal Court) are aware of the status of completing the compensatory services through CDE's quarterly status reports. CDE will also discuss issues that arise as a result of monitoring the implementation of compensatory services and provide technical assistance.
>
> As TES completes all the compensatory services in one group, TES will increase the level of services being provided to students in other groups who are owed more minutes. The projected completion date for each group identified by minutes owed does not preclude TES from beginning services for the next group.

2

> Compensatory services in all service groups will be completed either by TES, other contracted services, or District staff as measured by CDE's review of all service provider logs, compensatory tracking logs provided by TES, observations, and a random sampling of telephone surveys by CDE staff of not less than 10% of the parents of students receiving compensatory services. Projected completion dates for the groups are as follows:
> - students with 200 minutes or less - October 31, 2008[1]
> - students 201-2500 minutes - January 15, 2009[2]
> - students with 2501 to 15,000 minutes - April 30, 2009[3]
> - students with over 15,000 minutes - June 30, 2009[4]

(2) File with the Court each Monday by 5 P.M. a weekly report on the CDE's progress in implementing this plan. The first of these reports shall be filed on Monday, October 20; they shall continue each subsequent Monday until all compensatory services pursuant to the December 20, 2007 order have been provided. These reports shall consist of two elements:

> (a) An edited version of the spreadsheet that CDE supplied in its response to the Monitor, updated weekly to reflect the minutes of services provided to each student during the prior week and additional dates of parental contact regarding compensatory services provision. CDE shall add a new column to the spreadsheet each week so that each student's progress may be tracked with this instrument.
>
> (b) An executive summary of the data from the prior week, reporting the total number of students provided compensatory services in the prior week and the total number of minutes of compensatory services delivered, disaggregated by discipline.

On the Monday following each of the four deadlines stated in the CDE plan, CDE will supplement its standard executive summary with a report on its success or failure in meeting each deadline. CDE's legal counsel shall, under penalty of perjury, certify the accuracy of

---

[1] These students shall be referred to as "Group 1."

[2] These students shall be referred to as "Group 2."

[3] These students shall be referred to as "Group 3."

[4] These students shall be referred to as "Group 4."

3

each report and affirm that the submission conforms to the standard of Rule 11 of the Federal Rules of Civil Procedure. Any party may object to the data presented by the CDE in a report by first contacting the CDE and attempting to resolve the matter; the party then may either seek a directive from the Court Monitor or file a motion with the Court.

(3) File with the Court by October 15, 2008, a compensatory education staffing analysis that:
    (a) Identifies the number of compensatory services providers of each discipline needed to satisfy the CDE plan.
    (b) Provides for the availability of this number of staff by October 31, 2008, which may require CDE to hire more providers than TES can supply. The CDE alone is responsible for securing adequate staff to accomplish the CDE plan by its stated deadlines. To the extent the CDE negotiates with the District that District staff, employees, or contractors will provide services, neither CDE nor the District shall be relieved of any responsibility for the provision of current services during the 2008-09 school year.

If staffing falls below the levels established in this analysis at any time after October 31, 2008, the CDE shall be responsible to restore staffing to proposed levels within twenty-one days.

(4) File with the Court by October 15, 2008, a complete plan and timeline for reinitiation of contact with the parents/guardians of children owed compensatory services, which will be subject to approval and revision of the Court Monitor. In light of CDE's tardiness in providing services, CDE shall be solely responsible for ensuring that all parents are contacted. At a minimum, this plan shall detail how:
    (a) CDE will recontact all parents who requested compensatory services in the spring of 2008 in order to arrange the logistics for initiating or continuing the provision of compensatory services.

4

(b) CDE will ensure that all parents who did not respond at that time are again contacted by letter, and that all who do not respond to this letter are contacted by phone, to offer compensatory services.[5]

The District shall provide to the CDE current contact information for the parents of students owed compensatory services, including last known address and phone number. CDE shall additionally provide to Plaintiffs' counsel the name, address, and phone number of all parents who at any time declined compensatory services.

**IT IS SO ORDERED.**

Dated: October 8, 2008

Thelton E. Henderson
United States District Judge

---

[5] The deadline for provision of services to children in Group 1 whose parents have not yet been contacted shall be extended to November 30, to allow CDE adequate time to contact these families.