United States District Court
For the Northern District of California

1

2

3                    IN THE UNITED STATES DISTRICT COURT

4                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8    EMMA C. et al.,

9                    Plaintiffs,              NO. C96-4179 TEH

10            v.                              ORDER RE: OBJECTIONS
                                             TO COURT MONITOR'S
11   DELAINE EASTIN, et al.,                  QUARTERLY REPORT
                                             AND SETTING STATUS
12                   Defendants.              CONFERENCE

13

14

15          The Court has reviewed the recent correspondence from the Ravenswood School

16   District ("the District") and the California Department of Education ("CDE") to the Court

17   Monitor regarding the Monitor's RSIP Quarterly Review Report covering the period

18   November 2009-January 2010 ("Second Quarter Report").  Since the concerns raised by the

19   parties implicate the procedures put in place by the First Amended Consent Decree

20   ("Consent Decree"), the Court – after consulting with the Monitor on these developments –

21   furnishes the following guidance to assist in the resolution of these questions.

22          The Consent Decree directs the Monitor to prepare quarterly reports assessing the

23   District's compliance with the requirements set forth in the Ravenswood Self-Improvement

24   Plan, or RSIP.  "At least seven days prior to finalizing a report, the Monitor shall deliver a

25   draft report to the Parties to allow the Parties to object to any findings or to provide

26   additional evidence relevant to any findings."  Consent Decree § 6.1.2 (as amended August

27   11, 2005).  To comply with this procedure, the Monitor indicates in the cover memo for each

28   draft report that, "[i]f the parties do not object to any findings or provide additional relevant

1  evidence, this draft will become final on" a date seven days following its filing.  When the

2  Monitor receives no objections or further evidence by that deadline, he notifies the Court and

3  the parties that the draft report "is now final."

4          The Monitor filed a draft Second Quarter Report on March 8, 2010.  On March 12, the

5  District submitted 41 objections to the draft report.  The Monitor amended and finalized the

6  draft report on March 15, correcting two errors identified by the District and responding to

7  the broad questions raised in the District's objections.  Four days later, the Monitor provided

8  more detailed student-by-student responses to each of the District's objections.  On March

9  22, the District renewed many of its objections in a memo to the Monitor, disputing the

10  Monitor's determinations and requesting that certain student files be redesignated as

11  compliant.  The District also requested (1) to be present for the Monitor's review of files for

12  purposes of monitoring compliance; (2) to receive the names of files or service providers

13  deemed noncompliant; and (3) to receive a written response from the Monitor to the specific

14  concerns raised by the District, "in order to facilitate the continuing improvement of the

15  District's compliance with the RSIP."

16          CDE did not object to the draft report, but requested – in a March 15 email to the

17  Monitor – a list of the student files examined for the report, and a five-day extension to

18  respond to the draft.  The Monitor supplied a list of noncompliant file names, but did not

19  grant the extension request.  In a March 22 video conference, the Monitor agreed to provide

20  counsel a list of all audited files, compliant and noncompliant, within a day of the filing of

21  each draft report.  CDE further requested, in a March 25 letter, that the Monitor extend the

22  time frame for objecting to the draft reports from seven to twenty calendar days.

23          The Consent Decree is the framework agreed to by all parties to ensure that children

24  with disabilities in the District receive a free appropriate public education in the least

25  restrictive environment.  The authority for measuring the District's progress toward that goal

26  resides in the Monitor, who "shall at all times retain sole discretion to reach his or her own

27  independent judgments regarding Ravenswood's compliance with each of the

28  Requirements."  Consent Decree § 6.1.2.  The seven-day window for objecting to the

United States District Court
For the Northern District of California

2

United States District Court

For the Northern District of California

1  Monitor's findings strikes a balance between accountability and finality: the right to object
2  and submit additional evidence requires that the Monitor be accountable to the parties, while
3  the limited window for lodging objections ensures finality and consistency in the Monitor's
4  findings.

5      The Court is concerned that the recent requests by the District and the CDE may
6  upset the balance struck in the Consent Decree.  Monitoring the District's compliance is a
7  constant, ongoing process.  The findings for one quarter are finalized halfway into the next.
8  Asking the Monitor to revisit a final report – as the District has done – disrupts the
9  monitoring cycle and disturbs the integrity of his findings.  Although the seven-day period is
10  a floor, not a ceiling, whether to expand that window – as requested by CDE – is a matter of
11  the Monitor's discretion.  If a party disputes the Monitor's final conclusions after raising a
12  timely objection, there is always recourse to the Court.  *See* § 7.3.  Furthermore, the parties
13  have the ability to amend the Consent Decree if they agree to revised terms.  *See* § 12.0.

14      The Court recognizes that the parties have rarely exercised their right to object to the
15  Monitor's findings, and that the novelty of the process brings with it inevitable questions.  To
16  that end, the Court encourages the Monitor – on this one occasion – to exercise his discretion
17  and address the District's renewed objections to the Second Quarter Report.  However, the
18  Court also advises the parties that the Monitor would be acting well within his authority to
19  deny their requests to alter the monitoring *procedures*.  The Monitor has informed the Court
20  that he will not alter the timeframe for responding to draft reports, except as necessary to
21  research objections prior to finalizing the report, nor will he agree to the presence of any
22  party for the review of student files.

23      The Court had stated, at the previous status conference, that it would await the results
24  of the Second Quarter Report before setting the next case management conference.  The
25  Court, having reviewed that report, hereby sets the next status conference for **Wednesday,**
26  //
27  //
28

3

**June 30, 2010, at 3:00 PM**, in Courtroom 12.  Status conference statements from all parties must be submitted on or before **Wednesday, June 23, 2010**.

**IT IS SO ORDERED.**

Dated: 4/6/10

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

**United States District Court**
For the Northern District of California

4