EDMUND G. BROWN JR.
Attorney General of California
LISA A. TILLMAN
Deputy Attorney General
State Bar No. 126424
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5567
 E-mail: Lisa.Tillman@doj.ca.gov
*Attorneys for Defendants Delaine Eastin,
Superintendent of Public Instruction,
Department of Education*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EMMA C.,**<br><br>              Plaintiff,<br><br>     v.<br><br>**DELAINE EASTIN, ET AL.,**<br><br>              Defendant. | 3:96-cv-04179-TEH<br><br>**DEFENDANTS' FINAL STIPULATION ON RSIP BUDGET AND COURT MONITOR'S BUDGET**<br><br>Judge:    The Honorable Thelton E. Henderson |

Defendants Delaine Eastin, Superintendent of Public Instruction, Department of Education (State Defendants) and Defendant Ravenswood City School District (District), collectively Defendants, respectfully submit the following final stipulation concerning the 2010-2011 RSIP budget, and the allocation of the RSIP 2010-2011 budget and the Court Monitor's budget between the Defendants.

**A.    The RSIP Budget**

The Defendants have agreed on a single year RSIP budget of $3,200,591 (three million, two hundred thousand, five hundred ninety-one dollars) for the 2010-2011 fiscal year. A copy of the agreed-upon RSIP budget 2010-2011 is

1.

attached to this joint submission as Exhibit A. In addition to this amount, the Court Monitor has informed the parties that he has budgeted $393,234 for the 2010-2011 fiscal year. (Court Docket (CD) 1490.)

The Defendants agree upon the following schedule:

- By **July 1, 2010**, the State Defendants will pay 30 percent of their respective allocated share (i.e., $41,289.57 or 30% of $137,631.90[1]) of the Court Monitor's budget.

- By **July 1, 2010**, the District will pay 15 percent of its respective allocated share (i.e., $38,340.32 or 15% of $255,602.10[2]) of the Court Monitor's budget.

- By **July 15, 2010**, the District will pay 15 percent of its respective allocated share (i.e., $38,340.32 or 15% of $255,602.10) of the Court Monitor's budget.

- By **August 2, 2010**, the State Defendants will pay 30 percent of their respective allocated share (i.e., $336,062.06 or 30% of $1,120,206.85[3]) of the RSIP budget.

- By **August 2, 2010**, the District will pay 30 percent of its respective allocated share (i.e., $624,115.25 or 30% of $2,080,384.15[4]) of the RSIP budget.

- By **August 15, 2010**, the State Defendants will pay 30 percent of their respective allocated shares of the RSIP budget ($336,062.06) and the Court Monitor's budget ($41,289.57) (i.e., a total of $377,351.63).

- By **October 1, 2010**, the District will pay 30 percent of its respective allocated shares of the RSIP budget ($624,115.25) and the Court Monitor's budget (i.e., $76,680.63 or 30% of $255,602.10) (i.e., a total of $700,795.88).

- By **December 1, 2010**, the State Defendants will pay 20 percent of their respective allocated shares of the RSIP budget (i.e.,

---

[1] The State Defendants' share of the Court Monitor's budget is 35% of $393,234 which is $137,631.90.
[2] The District's share of the Court Monitor's budget is 65% of $393,234 which is $255,602.10.
[3] The State Defendants' share of the RSIP budget is 35% of $3,200,591 which is $1,120,206.85.
[4] The District's share of the RSIP budget is 65% of $3,200,591 which is $2,080,384.15.

2

$224,041.37 or 20% of $1,120,206.85) and the Court Monitor's budget ($27,526.38 or 20% of $137,631.90) (i.e., a total of $251,567.75).

- By **January 17, 2011**, the District will pay 20 percent of its respective allocated shares of the RSIP budget (i.e., $416,076.83 or 20% of $2,080,384.15) and the Court Monitor's budget (i.e., $51,120.42 or 20% of $255,602.10) (i.e., a total of $467,197.25).

- By **March 1, 2011**, the State Defendants will pay 20 percent of their respective allocated shares of the RSIP budget (i.e., $224,041.37 or 20% of $1,120,206.85) and the Court Monitor's budget ($27,526.38 or 20% of $137,631.90) (i.e., a total of $251,567.75).

- By **April 15, 2011**, the District will pay 20 percent of its respective allocated shares of the RSIP budget (i.e., $416,076.83 or 20% of $2,080,384.15) and the Court Monitor's budget (i.e., $51,120.42 or 20% of $255,602.10) (i.e., a total of $467,197.25).

**B.   The Allocation between the District and the State Defendants**

The District and State Defendants have agreed that responsibility for the RSIP and Court Monitor's budgets will be allocated sixty-five percent (65%) to the District and thirty-five percent (35%) to the State Defendants for the 2010-2011 fiscal year.

The District and the State Defendants request that the Court issue an order to approve the RSIP budget for the 2010-2011 fiscal year and to implement the allocation and schedule described herein.

The District and the State Defendants further agree that the percentage or contribution amounts set forth above may change pursuant to the issuance of a Court Order determining that certain RSIP expenditures are no longer supported or needed to implement the RSIP, or that the respective duties of the parties have changed during the course of the 2010-2011 budget year, or pursuant to a Court Order authorizing additional RSIP expenditures for fiscal year 2010-2011.

**C.   Redirection of Funds**

The District and State Defendants have obtained an agreement on the total RSIP budget amount as well as the composition and costs of the individual line

item amounts necessary for these parties to address RSIP compliance as of June 11, 2010.

1. In order to maintain the line-by-line and overall RSIP budget amounts stated in this stipulation, the District and State Defendants agree that there will be no redirection of funds from the RSIP budget to any other District budget.

2. In order to maintain the line-by-line and overall RSIP budget amounts stated in this stipulation, the District and State Defendants agree that there will be no redirection of funds between the individual lines of this RSIP budget, unless the District provides counsel for the State Defendants with written notice of its intent to redirect funds at least 15 calendar days before the proposed redirection and any of the provisions stated in the below subsections apply. By entering this stipulation, the State Defendants do not waive their right to pursue any legal remedies available under the applicable rules of the federal court.

   a. Definition: As used in this stipulation, redirection of funds within the RSIP will refer to the funds being taken from a line item ("source line item") and being used as additional funds for another line item ("recipient line item").

   b. Magnitude: The District must indicate in its written notice of intent the magnitude of the proposed redirection in terms of a dollar amount, as well as the percentage of the source line item funds being taken and in terms of the percentage of recipient line item funds being augmented.

   c. Procedures for Redirection:

   (1) <u>No Written Stipulation Necessary</u>:

   Where a single redirection involves an amount equal to 5% or less of the source line item funds or the recipient line item funds for FY 2010-11, then no written stipulation between the District and State Defendants is necessary to accomplish the redirection. Should three or more redirections involving individual amounts equal to 5% or less of a specific source line item or a specific recipient line

4

item for fiscal year 2010-11 occur, then any subsequent redirections of such line item funds must be accomplished in accordance with the "mandatory process" set forth below at (2).

(2) <u>Mandatory Process for Written Stipulation and/or Court Order:</u>

 i. Where the redirection involves more than 5% of the source line item funds or the recipient line item funds for FY 2010-11, then the District must seek a written stipulation with the State Defendants to accomplish the redirection.

 ii. If the District and State Defendants are unable to reach a written stipulation concerning the redirection of funds exceeding 5% of the source line item funds or the recipient line item funds for fiscal year 2010-11, then the District and State Defendants shall engage in a meet-and-confer process, with the facilitation and/or mediation of the Court's monitor, if so requested by the District or State Defendants, to reach a written stipulation on such redirection.

 iii. Absent a written stipulation, the District may seek Court authorization for redirection of funds in an amount exceeding 5% of the source line item funds or the recipient line item funds for fiscal year 2010-11 upon briefing and hearing conducted under the applicable rules of the federal court.

**D.     Changes in District Budget**

The District shall notify the State Defendants if its overall budget and/or any particular line items of the District's budget is reduced during fiscal year 2010-11, as a result of and not limited to staff furloughs, layoffs, freezes on scheduled salary increases, net salary savings from vacant positions, reduction in school days, such that the actual amount needed to fund any stipulated RSIP budget item or the overall RSIP budget is reduced. The District must notify the State Defendants of that reduction or freeze by letter to the State Defendants' counsel within 30 days of the action so that the District and the State Defendants may reach a stipulation on

5

the amount of any deposited RSIP funds to be returned or credited, and, if requested by either the District or the State Defendants, engage in a meet-and-confer process, with the facilitation and/or mediation of the Court's Monitor, to reach a stipulation. Absent a stipulation between the District and State Defendants, the sought return or crediting of deposited RSIP funds may be determined by the Court upon briefing and hearing conducted under applicable rules of the federal court.

Nothing in this stipulation constitutes a waiver by the District of its right to file a motion with the Court seeking additional contribution from the State Defendants for an overall increase in the RSIP budget due to extraordinary circumstances.

**E.   Invoices on Compensatory Education Services**

As of July 2010, the District will require, as a provision of its contracts with compensatory education service providers for services under the December 20, 2007 Order (Court Docket (CD) 1157), that the contractor provide a statement (such as a spreadsheet) to CDE and to the District, at the same time, indicating (1) the SEIS student identification numbers of the students receiving services, (2) the types of services provided to each student, (3) the number of minutes of service provided and (4) the invoice numbers and amounts for rendered services for each student to enable tracking of the rendered services and funds by student. Should a contractor not be amenable to this provision, then the District will provide to the California Department of Education (CDE) the invoices and indicate (1) the SEIS student identification numbers of the students receiving services, (2) the types of services provided to each student, and (3) the number of minutes provided for the rendered services. The District will provide a copy of the invoices to CDE at the same time they are provided by the District to the Court Monitor.

As of July 2010, the District will indicate on the submitted invoices for products in lieu of compensatory education services the SEIS student identification numbers of the students receiving the products. The District will provide a copy of

the invoices to CDE at the same time they are provided by the District to the Court Monitor.

As of July 2010, the District will provide on a monthly basis to CDE a statement indicating (1) the names of the students receiving compensatory education services from District employees, including and not limited to teachers, (2) the types of services provided to each student, (3) the number of minutes provided to each student for each service provided to that student in that month, and (4) the amount paid to the employee for performing the compensatory education service to the extent the employee is paid in excess of his or her standard salary for performing such services.

### F.  Quarterly Invoices

The District and the State Defendants further agree that the District shall submit quarterly invoices, in accordance with the same schedule agreed upon for payment into the Court registry, to the Court Monitor reflecting the funding necessary to implement the First Amended Consent Decree and RSIP.

The District and the State Defendants further agree that copies of any and all invoices, and any supporting documents provided by the District to the Court Monitor shall also be provided at the same time to the CDE.

The District and the State Defendants further agree that they shall meet and confer, upon the request of either party received within 30 days after the submission of the quarterly invoices to the Court Monitor, regarding the invoices or other documents provided to the Court Monitor. The parties request that the Court Monitor be instructed to maintain an accounting of all such invoices and forward them to the Court for immediate payment.

### G.  Line Item Accounting

The District and the State Defendants further agree that on a quarterly basis, in accordance with the same schedule agreed upon for District payment into the Court registry beginning October 1, 2010, and with a final statement due by August 31,

7

2011, the District will provide CDE with a line item accounting of budget expenditures. Upon CDE's written request, the District will provide backup documentation, in the form of and not limited to invoices and expenditure reports, supporting the RSIP expenditures so that CDE can perform a quarterly audit of RSIP expenditures.

### H. Audits of RSIP Service and Expenditure Records

The District and the State Defendants further agree that the State Defendants may perform additional audits of RSIP records under two circumstances:

(1) First, the State Defendants may perform additional audits of RSIP records if so authorized by Court Order.

(2) Second, and in the alternative, the State Defendants may conduct additional audits upon 30 days notice to the District and the Court Monitor that the State Defendants have reliable evidence of misuse or misappropriation of RSIP funds and intend to conduct an additional audit of RSIP records to determine if misuse or misappropriation of RSIP monies has in fact occurred. Where the State Defendants provide notice of their intent to conduct an audit on such basis, the parties shall meet and confer, upon the District's request, to discuss disclosure of any or all of the evidence of misuse or misappropriation of RSIP funds upon which the State Defendants rely. Nothing in this stipulation shall prevent the District from seeking the Court's intervention.

### I. Assumption of Special Education Services:

Should any LEA assume legal and/or financial responsibility for providing special education services at any school(s) within the District during the 2010-2011 fiscal year, the Defendants agree to meet and confer, as defined by Local Rule 1-5(n), concerning any RSIP budget issues that may arise from the assumption, including and not limited to: (1) the LEA's financial responsibility for RSIP compliance, (2) the modification of the stipulated RSIP budget to reflect the LEA's

1  assumed role and responsibilities for the delivery of special education services in
2  lieu of the District's delivery, as funded under this RSIP budget, and (3) the
3  reversion of RSIP funds to the State Defendants as a result of special education
4  services being delivered by the LEA.

5      The Court Monitor may be included in this meet and confer process upon the
6  request of either Defendant. Should the Defendants be unable to reach agreement
7  with regard to these matters, the District or the State Defendants may petition the
8  Court for modification of the stipulated RSIP budget for fiscal year 2010-
9  2011 upon briefing and hearing conducted under the applicable rules of the federal
10 court.

11 Dated: June 22, 2010	COUNTY COUNSEL OF THE COUNTY OF SAN MATEO

13 By: _____/s/_____
14     Kathryn E. Meola
    Deputy County Counsel
15     *Attorneys for Ravenswood City School District*

17 Dated: June 22, 2010	OFFICE OF THE CALIFORNIA ATTORNEY GENERAL

19 By: _____/s/_____
20     Lisa Tillman
    Deputy Attorney General
21     *Attorneys for Defendants Delaine Eastin,*
22     *Superintendent of Public Instruction, and California*
23     *Department of Education*

SA20051040
10584638.doc

**IT IS SO ORDERED**
Judge Thelton E. Henderson
06/25/10

9

**EXHIBIT A**

# THE STATE'S FINAL RSIP 2010-11 BUDGET PROPOSAL

| RSIP ITEM | AMOUNTS |
|---|---|
| 1110 Teacher Salaries (Reg) | 322,776 |
| 1140 Teacher Salaries (Hrly) | 60, 933 |
| 1215 Psychologist (Reg) | **231,241** (RSIP will include 75% of bilingual psychologists' salaries) |
| 1315 Sup't Salary | 34,000 |
| 1320 Ass't Sup't Salary | **110,400** (Per 0.80 FTE) |
| 1330 Director's Salary | 39,849 |
| 1335 Coordinator Salaries | 635,839 |
| 1960 Special Ed Stipend | 115,000 |
| 1970 SST stipend | 30,000 |
| 2140 Instructional Aides, Hrly | 49,000 |
| 2310 Mgm't Salaries | 0 |

| | |
|---|---|
| 2340 Mgm't Salaries Hrly | 0 |
| 2410 Clerical/other office salaries | 276,682 |
| 2425 Clerical/other office OT | 8,000 |
| 2440 Clerical and Office salary | 10,000 |
| 2920 Other Classified, reg, OT | 69,544 |
| 2925 Other classified, OT | 0 |
| 2940 Other Classified, hourly | 0 |
| 3000 Benefits | **485,707** (Per 75% Psychologists' salaries and reduced FTE hours in RSIP positions) |
| 4110 Textbooks | 0 |
| 4210 Reference Books | 0 |
| 4310 Instructional Materials | 26,182 |
| 4316 Office and Other Supplies | 5,635 |

| | |
|---|---|
| 4330 Printing | 1,545 |
| 4370 Gasoline | 0 |
| 4400 Noncapitalized equipment | 4,545 |
| 5210 Mileage | 2,727 |
| 5215 Parent/student conf/training | 5,864 |
| 5220 Staff conferences | 6,873 |
| 5227 Workshop/Inservice/Train | 23,636 |
| 5228 Recruitment | 36,364 |
| 5310 Dues and membership | **1,600** (Per 0.80 FTE) |
| 5614 Rentals and Leases | 5,245 |
| 5630 Maintenance of Equipment | 4,545 |
| 5751 Food service | 1,318 |

| | |
|---|---|
| 5752 Special Ed students in CDC | n/a |
| 5801 Consultant Services, Cert. | 301,100 |
| 5802 Professional/Consultant-clas | 49,364 |
| 5812 Advertising | 4,177 |
| 5818 Tuition | 27,273 |
| 5819 Non public agencies | 24,943 |
| 5820 (formerly 5920) Other admin exp | 5,000 |
| 5912 Cellular phone | **1,091** (Per 0.80 FTE) |
| 5920 Postage | 3,138 |

## 2. Indirect Costs

The State Defendants understand the District accepts the recently published indirect costs of 5.94%, so that 5.94% rate is incorporated in this counter-proposal.

## 3. Total RSIP Budget Under the Counter-Proposal.

Under this counter-proposal, the RSIP budget (excluding the Court Monitor's projected 2010-2011 budget and the indirect costs of 5.94%) is $3,021,136.

Once the indirect costs of 5.94% are included, the counter-proposal indicates an R SIP budget (excluding the Court Monitor's projected 2010-11 budget) of $3,200,591. In other words:

| | |
|---|---|
| RSIP budget subtotal: | $3,021,136 |
| With indirect costs at 5.94% rate of $179,455: | $3,200,591 |
| With Monitor's budget of $393,234: | $3,593,825 |

Applying the 65% to 35% allocation, the State Defendants' total contribution to the RSIP and Court Monitor's budgets is: $1,257,839.