Arlene B. Mayerson, Esq., CA Bar # 79310
Larisa M. Cummings, Esq., CA Bar # 131076
DISABILITY RIGHTS EDUCATION & DEFENSE FUND, INC.
2212 Sixth Street
Berkeley, CA 94710
Telephone: (510) 644-2555
Fax: (510) 841-8645
Email: amayerson@dredf.org
Email: lcummings@dredf.org
*Attorneys for Plaintiffs*

William S. Koski, Esq., CA. Bar #166061
STANFORD LAW SCHOOL
YOUTH & EDUCATION LAW PROJECT
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-3718
Fax: (650) 723-4426
Email: bkoski@stanford.edu
*Attorneys for Plaintiffs*

MICHAEL P. MURPHY
COUNTY COUNSEL (SBN 83887)
BY: KATHRYN E. MEOLA DEPUTY (SBN 172034)
BY: AIMEE B. ARMSBY, DEPUTY (SBN 226967)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4647
Facsimile: (650) 363-4034
Email: kmeola@co.sanmateo.ca.us
         aarmsby@co.sanmateo.ca.us
*Attorneys for Defendant Ravenswood City School District*

EDMUND G. BROWN JR.
Attorney General of California
JULIE WENG-GUTIERREZ
Supervising Deputy Attorney General
LISA A. TILLMAN
Deputy Attorney General
State Bar No. 126424
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 327-7872
  Fax: (916) 324-5567
  E-mail: Lisa.Tillman@doj.ca.gov
*Attorneys for Defendants Department of Education, Delaine Eastin, Superintendent of Public Instruction*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMMA C., et al.,<br><br>    Plaintiffs,<br><br>   vs.<br><br>DELAINE EASTIN, et al.<br><br>    Defendants. | Case No. C-96-4179 THE<br><br>**CLASS ACTION**<br><br>**FINAL JOINT STATEMENT AND STIPULATION CONCERNING RSIP BENCHMARK AND COMPLIANCE FRAMEWORK** |

In response to this Court's June 30, 2010 order, the Parties submit this joint statement of stipulated terms concerning an RSIP compliance deadline and benchmark framework.

# STIPULATED TERMS AND PROVISIONS

**I.  Final Deadline for RSIP Compliance.**

Plaintiffs, Defendant Ravenswood City School District and related defendants (District) and Defendants California Department of Education, Delaine Eastin and the Superintendent of Public Instruction (State Defendants), have agreed that the final deadline date for full RSIP compliance should be July 2014 as to all outstanding RSIP items, except as to item 13.4.1 due to its five-year maintenance period.

**II.  Measurement of RSIP Compliance and Benchmarks.**

Attached as Exhibit A is a list of all RSIP items and requirements for which the District has not reached full compliance and/or completed the requisite maintenance period.  An RSIP item that has met maintenance period requirements and so is no longer monitored by the Court Monitor is not subject to this benchmark framework.

Exhibit A states specified dates by which specified benchmarks must be obtained for the indicated RSIP items.  The Court Monitor will issue an annual report following each such benchmark period which shall state the District's compliance status with each such benchmark.  The Parties understand that the applicable date for measurement of compliance with the initial benchmark for certain RSIP items will be July 31, 2011, and the level of compliance with that initial benchmark will be published in the Annual Trends Report filed by the Monitor in October 2011 (2011 Trends Report).

**III.  Interventions.**

**A.  Designated Dates**

The parties have agreed to the general principle that if a benchmark has not been met by the designated date, the District will be subject to interventions.  Exhibit A contains suggested or possible interventions for Tier 1 and Tier 2, and is not an exhaustive list of interventions for each tier.  In accord with this Court's order, the interventions are graduated between the two tiers, with Tier 2 interventions introducing a greater level of severity.  (CD 1480.)

/ / /

/ / /

**B.     The Trigger for Tier 1 or Tier 2 Interventions.**

The parties agree to the triggering of Tier 1 and Tier 2 interventions on the following bases:

1.     Tier 1 interventions would be triggered the first time the District is determined noncompliant with one of the established benchmarks, under the process described in Section C below. Tier 1 interventions will also be applied if the District fails to meet the established benchmarks for a particular RSIP item for two consecutive benchmarking periods, but for the second such period, the District has made progress and reached or exceeded the level of the first benchmark.

2.     Tier 2 interventions would be triggered when the District has been found not to have met the established benchmarks for a particular RSIP item for two *consecutive* benchmarking periods and the District has not met or exceeded the level of the first benchmark for the second consecutive benchmarking period.

**C.     The Process for Applying Interventions.**

The process by which an intervention will be selected is as follows:

1.     Within seven days following the Court Monitor's issuance of the annual report regarding compliance with the benchmarks, each party shall submit to all Parties and the Court Monitor a proposed intervention selected from either the Tier 1 or Tier 2 list, as appropriate, for each of the items for which the District was found non-compliant.

2.     Within fourteen days following the Court Monitor's issuance of a report regarding compliance with the benchmarks, the parties shall meet and confer in an effort to reach agreement on the appropriate intervention for each non-compliant item.

3.     If resolution cannot be reached on an appropriate intervention for any non-compliant items, such dispute shall be submitted to the Monitor immediately following the Parties' meet-and-confer and the Monitor shall make a determination regarding the appropriate intervention for each non-compliant item within seven days following submission of the dispute.

4.     Any Party may request that the Court review the Monitor's determination(s) within seven days following issuance of the determination.

5.     All agreed-upon interventions and all final determinations regarding interventions shall become orders of the Court.

**D.     No Waiver of Other Remedies or Rights Under Applicable Law**.

1. The parties agree that, by entering into this stipulation, the parties do not waive and are not foreclosed from seeking any and all remedies available under applicable law, including and not limited to those available under the California Education Code, for any failure to comply with the provisions of the First Amended Consent Decree and Ravenswood Self-Improvement Plan as well as applicable state and federal laws.

2. By entering into this stipulation, the State Defendants reserve the right to assert that the hiring of an outside consultant by the District or the State may not occur on a limited term, noncompetitive bid, or other basis outside the requirements of applicable State statutory and regulatory requirements.  Further, the State Defendants do not agree or concede that the RSIP budget may be used to provide payments to such consultants.

**CONCLUSION**

The Parties thank the Court Monitor for his facilitation of the meet-and-confer process in formulating the RSIP benchmark and compliance framework.  The Parties respectfully submit this statement of stipulated provisions of the RSIP benchmark and compliance framework to this Court for further consideration and determination.

Respectfully submitted,

DISABILITY RIGHTS EDUCATION & DEFENSE FUND, INC.

By:  /s/  .
 Larisa M. Cummings
 *Attorneys for Plaintiffs*

YOUTH AND EDUCATION LAW PROJECT

By:  /s/  .
 William S. Koski
 *Attorneys for Plaintiffs*

COUNTY COUNSEL OF THE COUNTY OF SAN MATEO

By:  /s/  .
 Kathryn E. Meola

Deputy County Counsel
*Attorneys for Ravenswood City School District*

OFFICE OF THE CALIFORNIA ATTORNEY GENERAL

By: _____/s/_____.
Lisa Tillman
Deputy Attorney General
*Attorneys for Defendants Delaine Eastin, Superintendent of Public Instruction, and California Department of Education*



IT IS SO ORDERED
Judge Thelton E. Henderson
07/08/10