KAMALA D. HARRIS
Attorney General of California
JULIE WENG-GUTIERREZ
Senior Assistant Attorney General
LISA A. TILLMAN
Deputy Attorney General
State Bar No. 126424
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 327-7872
  Fax: (916) 324-5567
  E-mail: Lisa.Tillman@doj.ca.gov
*Attorneys for Defendant*
*Department of Education*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA C., <br><br> Plaintiff, <br><br> v. <br><br> DELAINE EASTIN, ET AL., <br><br> Defendant. | 3:96-cv-04179-TEH <br><br> **DEFENDANTS' <u>AMENDED</u> FINAL STIPULATION ON RSIP BUDGET AND COURT MONITOR'S BUDGET FOR FISCAL YEAR 2011-2012, WITH PROPOSED ORDER** <br><br> Judge:     The Honorable Thelton E. Henderson |

     Defendants Delaine Eastin, Superintendent of Public Instruction, Department of Education (State Defendants) and Defendant Ravenswood City School District (District), collectively Defendants, submitted a stipulation concerning the 2010-2011 RSIP budget, and the allocation of the RSIP 2011-2012 budget and the Court Monitor's budget between the Defendants on May 11, 2011. That filing is hereby amended to correct the April 16, 2012 payment indicated for the Court Monitor's budget from a total of $466,426 and to a total of $466,425.

    **A.**    **The RSIP Budget**

    The Defendants have agreed on a single year RSIP budget of $3,055,128

1

Defts. Amended Stip.RSIP and Monitor Budgets, FY 2011-12 (3:96-cv-04179-TEH)

(three million, fifty-five thousand, one hundred and twenty-eight dollars) for the 2011-2012 fiscal year.  (A copy of the agreed-upon RSIP budget 2011-2012 was attached to the initial stipulation on this matter as Exhibit A.)   In addition to this amount, the Court Monitor has informed the parties that he has budgeted $ 399, 873 for the 2011-2012 fiscal year.  (Court Docket (CD) 1618.)

The Defendants agree upon the following schedule:

- By **July 1, 2011**, the State Defendants will pay 30 percent of their respective allocated share (i.e., $38,988 or 30% of [1]$129, 959[1]) of the Court Monitor's budget.

- By **July 1, 2011**, the District will pay 15 percent of its respective allocated share (i.e., $40,487 or 15% of $269,914[2]) of the Court Monitor's budget.

- By **July 15, 2011**, the District will pay 15 percent of its respective allocated share (i.e., $40,487 or 15% of $269,914) of the Court Monitor's budget.

- By **August 1, 2011**, the State Defendants will pay 60 percent of their respective allocated share (i.e., $595,750 or 60% of $ 992,917[3]) of the RSIP budget and 30 percent of their respective allocated share of the Court Monitor's budget (i.e. $38,988 or 30% of $129,959).

- By **August 1, 2011**, the District will pay 30 percent of its respective allocated share (i.e., $618,663 or 30% of $2,062,211[4]) of the RSIP budget.

- By **October 3, 2011**, the District will pay 30 percent of its respective allocated shares of the RSIP budget ($618,663) and the Court Monitor's budget (i.e., $80,974 or 30% of $269,914) (i.e., a total of $699,637**)**.

- By **December 1, 2011**, the State Defendants will pay 20 percent of their respective allocated shares of the RSIP budget (i.e., $198,583 or 20% of $992,917) and the Court Monitor's budget ($25,992 or 20% of $129,959) (i.e., a total of $224,575).

- By **January 16, 2012**, the District will pay 20 percent of its respective allocated shares of the RSIP budget (i.e., $412,442 or 20% of $2,062,211) and the Court Monitor's budget (i.e., $53,983 or 20% of $269,914) (i.e., a total of $466,425**)**.

---

[1] The State Defendants' share of the Court Monitor's budget is 32.5% of $399, 873, which is $129,959.
[2] The District's share of the Court Monitor's budget is 67.5% of $ 399,873 which is $269,914.
[3] The State Defendants' share of the RSIP budget is 32.5% of $3,055,128, which is $992,917.
[4] The District's share of the RSIP budget is 67.5% of $3,055,128, which is $2,062,211.

2

Defts. Amended Stip.RSIP and Monitor Budgets, FY 2011-12 (3:96-cv-04179-TEH)

- By **March 1, 2012**, the State Defendants will pay 20 percent of their respective allocated shares of the RSIP budget (i.e., $198,584 or 20% of $ 992,917) and the Court Monitor's budget ($25,992 or 20% of $129,959) (i.e., a total of $224,575).

- By **April 16, 2012**, the District will pay 20 percent of its respective allocated shares of the RSIP budget (i.e., $412,442 or 20% of $2,062,211) and the Court Monitor's budget (i.e., $53,983 or 20% of $269,914) (i.e., a total of $466,425).

**B.     The Allocation between the District and the State Defendants**

The District and State Defendants have agreed that responsibility for the RSIP and Court Monitor's budgets will be allocated sixty-seven and one half percent (67.5%) to the District and thirty-two and one half percent (32.5%) to the State Defendants for the 2011-2012 fiscal year.

The District and the State Defendants request that the Court issue an order to approve the RSIP budget for the 2011-2012 fiscal year and to implement the allocation and schedule described herein.

The District and the State Defendants further agree that the percentage or contribution amounts set forth above may change pursuant to the issuance of a Court Order determining that certain RSIP expenditures are no longer supported or needed to implement the RSIP, or that the respective duties of the parties have changed during the course of the 2011-2012 budget year, or pursuant to a Court Order authorizing additional RSIP expenditures for fiscal year 2011-2012.

**C.     Redirection of Funds**

The District and State Defendants have obtained an agreement on the total RSIP budget amount as well as the composition and costs of the individual line item amounts necessary for these parties to address RSIP compliance as of May 6, 2011.

1. In order to maintain the line-by-line and overall RSIP budget amounts stated in this stipulation, the District and State Defendants agree that there will be no redirection of funds from the RSIP budget to any other District budget.

2. In order to maintain the line-by-line and overall RSIP budget amounts stated in this stipulation, the District and State Defendants agree that there will be no redirection of funds between the individual lines of this RSIP budget, unless the District provides counsel for the State

3

Defendants with written notice of its intent to redirect funds at least 15 calendar days before the proposed redirection and any of the provisions stated in the below subsections apply. By entering this stipulation, the State Defendants do not waive their right to pursue any legal remedies available under the applicable rules of the federal court.

    a. Definition: As used in this stipulation, redirection of funds within the RSIP will refer to the funds being taken from a line item ("source line item") and being used as additional funds for another line item ("recipient line item").

    b. Magnitude: The District must indicate in its written notice of intent the magnitude of the proposed redirection in terms of a dollar amount, as well as the percentage of the source line item funds being taken and in terms of the percentage of recipient line item funds being augmented.

    c. Procedures for Redirection:

        (1) <u>No Written Stipulation Necessary</u>:

Where a single redirection involves an amount equal to 5% or less of the source line item funds or the recipient line item funds for FY 2011-12, then no written stipulation between the District and State Defendants is necessary to accomplish the redirection. Should three or more redirections involving individual amounts equal to 5% or less of a specific source line item or a specific recipient line item for fiscal year 2011-12 occur, then any subsequent redirections of such line item funds must be accomplished in accordance with the "mandatory process" set forth below at (2).

        (2) <u>Mandatory Process for Written Stipulation and/or Court Order</u>:

    i. Where the redirection involves more than 5% of the source line item funds or the recipient line item funds for FY 2011-12, then the District must seek a written stipulation with the State Defendants to accomplish the redirection.

    ii. If the District and State Defendants are unable to reach a written stipulation concerning the redirection of funds exceeding 5% of the source line item funds or the recipient line item funds for fiscal year 2011-12, then the District and State Defendants shall engage in a meet-and-confer process, with the facilitation and/or mediation of the Court's monitor, if so requested by the District or State Defendants, to reach a written stipulation on such redirection.

4

Defts. Amended Stip.RSIP and Monitor Budgets, FY 2011-12 (3:96-cv-04179-TEH)

      iii. Absent a written stipulation, the District may seek Court authorization for redirection of funds in an amount exceeding 5% of the source line item funds or the recipient line item funds for fiscal year 2011-12 upon briefing and hearing conducted under the applicable rules of the federal court.

### D. Changes in District Budget

The District shall notify the State Defendants if its overall budget and/or any particular line items of the District's budget is reduced during fiscal year 2011-12, as a result of and not limited to staff furloughs, layoffs, freezes on scheduled salary increases, net salary savings from vacant positions, reduction in school days, such that the actual amount needed to fund any stipulated RSIP budget item or the overall RSIP budget is reduced.  The District must notify the State Defendants of that reduction or freeze by letter to the State Defendants' counsel within 30 days of the action so that the District and the State Defendants may reach a stipulation on the amount of any deposited RSIP funds to be returned or credited, and, if requested by either the District or the State Defendants, engage in a meet-and-confer process, with the facilitation and/or mediation of the Court's Monitor, to reach a stipulation.  Absent a stipulation between the District and State Defendants, the sought return or crediting of deposited RSIP funds may be determined by the Court upon briefing and hearing conducted under applicable rules of the federal court.

Nothing in this stipulation constitutes a waiver by the District of its right to file a motion with the Court seeking additional contribution from the State Defendants for an overall increase in the RSIP budget due to extraordinary circumstances.

### E. Invoices on Compensatory Education Services

As of July 2011, the District will require, as a provision of its contracts with compensatory education service providers for services under the December 20, 2007 Order (Court Docket (CD) 1157), that the contractor provide a statement (such as a spreadsheet) to CDE and to the District, at the same time, indicating (1) the SEIS student identification numbers of the students receiving services, (2) the types of services provided to each student, (3) the number of minutes of service provided and (4) the invoice numbers and amounts for rendered services for each student to enable tracking of the rendered services and funds by student.  Should a contractor not be

5

Defts. Amended Stip.RSIP and Monitor Budgets, FY 2011-12 (3:96-cv-04179-TEH)

amenable to this provision, then the District will provide to the California Department of Education (CDE) the invoices and indicate (1) the SEIS student identification numbers of the students receiving services, (2) the types of services provided to each student, and (3) the number of minutes provided for the rendered services. The District will provide a copy of the invoices to CDE at the same time they are provided by the District to the Court Monitor.

As of July 2011, the District will indicate on the submitted invoices for products in lieu of compensatory education services the SEIS student identification numbers of the students receiving the products. The District will provide a copy of the invoices to CDE at the same time they are provided by the District to the Court Monitor.

As of July 2011, the District will provide on a monthly basis to CDE a statement indicating (1) the names of the students receiving compensatory education services from District employees, including and not limited to teachers, (2) the types of services provided to each student, (3) the number of minutes provided to each student for each service provided to that student in that month, and (4) the amount paid to the employee for performing the compensatory education service to the extent the employee is paid in excess of his or her standard salary for performing such services.

**F.     Quarterly Invoices**

The District and the State Defendants further agree that the District shall submit quarterly invoices, in accordance with the same schedule agreed upon for payment into the Court registry, to the Court Monitor reflecting the funding necessary to implement the First Amended Consent Decree and RSIP.

The District and the State Defendants further agree that copies of any and all invoices, and any supporting documents provided by the District to the Court Monitor shall also be provided at the same time to the CDE.

The District and the State Defendants further agree that they shall meet and confer, upon the request of either party received within 30 days after the submission of the quarterly invoices to the Court Monitor, regarding the invoices or other documents provided to the Court Monitor.

6

Defts. Amended Stip.RSIP and Monitor Budgets, FY 2011-12 (3:96-cv-04179-TEH)

The parties request that the Court Monitor be instructed to maintain an accounting of all such invoices and forward them to the Court for immediate payment.

### G. Line Item Accounting

The District and the State Defendants further agree that on a quarterly basis, in accordance with the same schedule agreed upon for District payment into the Court registry beginning October 3, 2011, and with a final statement due by August 31, 2012, the District will provide CDE with a line item accounting of budget expenditures. Upon CDE's written request, the District will provide backup documentation, in the form of and not limited to invoices and expenditure reports, supporting the RSIP expenditures so that CDE can perform a quarterly audit of RSIP expenditures.

### H. Audits of RSIP Service and Expenditure Records

The District and the State Defendants further agree that the State Defendants may perform additional audits of RSIP records under two circumstances:

(1) First, the State Defendants may perform additional audits of RSIP records if so authorized by Court Order.

(2) Second, and in the alternative, the State Defendants may conduct additional audits upon 30 days notice to the District and the Court Monitor that the State Defendants have reliable evidence of misuse or misappropriation of RSIP funds and intend to conduct an additional audit of RSIP records to determine if misuse or misappropriation of RSIP monies has in fact occurred. Where the State Defendants provide notice of their intent to conduct an audit on such basis, the parties shall meet and confer, upon the District's request, to discuss disclosure of any or all of the evidence of misuse or misappropriation of RSIP funds upon which the State Defendants rely. Nothing in this stipulation shall prevent the District from seeking the Court's intervention.

### I. Assumption of Special Education Services:

Should any LEA assume legal and/or financial responsibility for providing special education services at any school(s) within the District during the 2011-2012 fiscal year, the Defendants agree to meet and confer, as defined by Local Rule 1-5(n), concerning any RSIP

7

budget issues that may arise from the assumption, including and not limited to: (1) the LEA's financial responsibility for RSIP compliance, (2) the modification of the stipulated RSIP budget to reflect the LEA's assumed role and responsibilities for the delivery of special education services in lieu of the District's delivery, as funded under this RSIP budget, and (3) the reversion of RSIP funds to the State Defendants as a result of special education services being delivered by the LEA.

The Court Monitor may be included in this meet and confer process upon the request of either Defendant. Should the Defendants be unable to reach agreement with regard to these matters, the District or the State Defendants may petition the Court for modification of the stipulated RSIP budget for fiscal year 2011-2012 upon briefing and hearing conducted under the applicable rules of the federal court.

Dated: April 25, 2012  JOHN C. BEIERS, COUNTY COUNSEL
 COUNTY OF SAN MATEO

By: /s/ Aimee B. Armsby                                 .
 Aimee B. Armsby
 Deputy County Counsel
 *Attorneys for Ravenswood City School District*

Dated: April 25, 2012  OFFICE OF THE CALIFORNIA ATTORNEY GENERAL

By: /s/ Lisa Tillman                                 .
 Lisa Tillman
 Deputy Attorney General
 *Attorneys for Defendants Delaine Eastin, Superintendent of Public Instruction, and California Department of Education*

8

Defts. Amended Stip.RSIP and Monitor Budgets, FY 2011-12 (3:96-cv-04179-TEH)

# [~~PROPOSED~~] ORDER

This Court has reviewed the amended stipulation of Defendants Delaine Eastin, Superintendent of Public Instruction, Department of Education (State Defendants) and Defendant Ravenswood City School District (District), collectively Defendants, concerning the 2010-2011 RSIP budget, and the allocation of the RSIP 2011-2012 budget and the Court Monitor's budget. (Court Docket, The amended stipulation corrected the April 16, 2012 payment indicated for the Court Monitor's budget from a total of $466,426 to a total of $466,425.

Dated: 04/30/2012        By: _____
                              United States District Court Judge

SA2005104070
10867900.doc

9

Defts. Amended Stip.RSIP and Monitor Budgets, FY 2011-12 (3:96-cv-04179-TEH)