UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMMA C., et al.,

           Plaintiffs,

    v.

DELAINE EASTIN, et al.,

           Defendants.

Case No. 96-cv-04179-TEH

**ORDER DENYING STATE DEFENDANTS' MOTION TO STAY JULY 2, 2014 ORDER**

Defendants California Department of Education ("CDE"), State Board of Education, and Delaine Eastin ("State Defendants") have moved to stay, pending appeal, the Court's July 2, 2014 order denying their motion to set aside the Court Monitor's January 9, 2014 Report. After carefully considering the State Defendants' moving papers, the Court finds further briefing and argument to be unnecessary and now DENIES the motion to stay for the reasons set forth below.

**BACKGROUND**

The parties are familiar with the long history of this case, and the Court therefore only briefly describes the facts underlying the motion to stay.

On January 9, 2014, the Monitor issued a report concerning the state-level system for monitoring the provision of a Free Appropriate Public Education ("FAPE") in Ravenswood City School District. Jan. 9, 2014 Monitor's Report (Docket No. 1890). This report included 42 determinations regarding existing disputes and recommended that CDE undertake a corrective action plan ("CAP"). The Monitor further recommended that an outside consultant be retained by the Monitor to assist in the development of the CAP if the parties were unable to resolve their disputes concerning any of the Monitor's determinations.

United States District Court
Northern District of California

1    On April 16, 2014, the State Defendants brought a motion objecting to, and seeking

2    to set aside, the Monitor's January 9, 2014 Report.  The Court denied the motion and

3    ordered that:

> The parties are to proceed with the corrective action steps as
> outlined in the Monitor's January 9, 2014 determinations
> report.  **The Monitor is directed to hire consultants as**
> **necessary** to ensure the timely development and effective
> implementation of a corrective action plan in order to achieve
> the outcomes set forth in the determinations.  As recommended
> by the Monitor, **CDE shall be responsible for the costs**
> **associated with the development and oversight of the**
> **corrective action plan**, **including any consultants hired by**
> **the Monitor**.

9    July 2, 2014 Order at 13 (emphasis added) (Docket No. 1958).

10    On July 4, 2014, the Monitor informed the parties by e-mail that he intended to hire

11   Pingora Consulting to assist him in developing the CAP.  Ex. A to Aug. 20, 2014 Tillman

12   Decl. (Docket No. 1980-1).  The Monitor further instructed the State Defendants to deposit

13   with the Court $50,000 in payment of Pingora Consulting's services and the costs of

14   monitoring implementation of the CAP by August 15, 2014.  *Id.*  On July 8, 2014, the State

15   Defendants acknowledged this request by e-mail.  Ex. B to Aug. 20, 2014 Tillman Decl.

16   The Court received a check for $50,000 on August 18, 2014, one business day after the

17   deadline imposed by the Monitor.

18    On July 31, 2014, the State Defendants appealed the Court's July 2, 2014 Order, but

19   they did not move for a stay until August 20, 2014.  They now request a stay on the

20   following terms:

> (1) The clerk of the Court may not disburse the deposited
> $50,000 to Pingora Consulting or any other consultant retained
> in this matter, and such funds must be maintained by the Clerk
> of the Court for this action in accordance with the Court's
> procedures pending resolution of the State Defendants' appeal;
> (2) Pingora Consulting may not develop any corrective action
> plans or otherwise conduct an evaluation of the CDE's state-
> level monitoring system;
> (3) The State Defendants will not be subject to any direction by
> the Monitor or this Court to implement any of the
> determinations or corrective actions indicated in the Monitor's
> January 9, 2014 report pending resolution of the State
> Defendants' appeal.

28   Mot. at 4 (Docket No. 1980).

United States District Court
Northern District of California

**LEGAL STANDARD**

The State Defendants correctly identify the factors this Court should consider in weighing a requested stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  A stay is "an exercise of judicial discretion. . . .  The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (internal citations and quotations omitted).

**DISCUSSION**

The Court addresses each of the stay factors in turn below and concludes that the State Defendants have failed to meet their burden of showing that a stay is justified.

**A.      Likelihood of Success on the Merits**

First, the Court finds unpersuasive the State Defendants' arguments that they are likely to succeed on the merits of their appeal, let alone that they have made a strong showing of such likelihood of success.  The State Defendants contend that they were denied due process to address the use of Pingora Consulting because "the Monitor's January 9, 2014 report did not discuss or recommend the delegation of authority to Pingora Consulting."  Mot. at 6.  However, this claim is factually incorrect.  The Monitor's report explicitly recommended "that the court direct the Monitor to develop the CAP with the assistance of outside consultants. . . . [and] that funding for any needed consultants be provided by CDE."  Jan. 9, 2014 Monitor's Report at 87.  Thus, the State Defendants were on clear notice that the Monitor recommended the use of outside consultants.  The Court is further informed by the Monitor that the State Defendants have raised no specific objections to the selection of Pingora Consulting since the Monitor indicated his intent to

3

United States District Court
Northern District of California

1    hire them nearly two months ago.  The Court therefore finds it unlikely that the appellate

2    court will find any violation of the State Defendants' due process rights.

3           The State Defendants further claim that the Court "lacks a proper legal basis for

4    putting Pingora Consulting in such an oversight role vis-à-vis the State Defendants," and

5    that such a delegation constitutes "new and unexplored ground" subject to appellate

6    review.  Mot. at 6.  However, the State Defendants mischaracterize the scope of the

7    authority of Pingora Consulting in this case.  The consultants have been enlisted to *assist*

8    the Monitor in the execution of his duties; they have not themselves been delegated any

9    oversight authority.  To the contrary, their draft CAP will be reviewed and, if necessary,

10   modified by the Monitor before its implementation, and the Monitor will oversee all

11   aspects of the final CAP's implementation.  At all times, the Monitor will maintain the

12   authority vested in him by this Court, and Pingora Consulting will merely provide support

13   to the Monitor to expedite the process.  Such assistance is not "new and unexplored

14   ground," as the State Defendants contend, Mot. at 6; indeed, one of Pingora Consulting's

15   members has assisted the Monitor as a consultant in the "oversight of CDE's resolution of

16   complaints concerning Ravenswood" for the past four years.  Ex. A to Aug. 20, 2014

17   Tillman Decl.  Further, the First Amended Consent Decree ("FACD") has explicitly

18   authorized the Monitor to retain the assistance of consultants in other aspects of this case.

19   FACD § 6.1.5.

20          Finally, even if the State Defendants had correctly characterized the history of this

21   case and the role of Pingora Consulting, the level of deference afforded to district courts in

22   institutional reform cases would weigh against a finding of likelihood of success on appeal.

23   The Ninth Circuit has acknowledged that, "[o]ver time, the district court gains an intimate

24   understanding of the workings of an institution and learns what specific changes are

25   needed within that institution in order to achieve the goals of the consent decree."

26   *Labor/Cmty. Strategy Ctr. v. Los Angeles Cnty. Metro. Transp. Auth.*, 564 F.3d 1115, 1121

27   (9th Cir. 2007) (quoting *Thompson v. U.S. Dep't of Hous. & Urban Devel.*, 404 F.3d 821,

28   827 (4th Cir. 2005)) (internal citations and quotations omitted).   Based on its "extensive

1    oversight" of a matter, the district court is "armed with a decade of knowledge about the

2    case" – or, in this case, eighteen years of knowledge – that makes it "uniquely positioned"

3    to evaluate defendants' efforts to comply with a consent decree. *Id.* at 1119, 1121. Here,

4    it was precisely such intimate experience with this case that led to the Court's conclusions

5    that a CAP was necessary and that use of consultants by the Monitor would avoid undue

6    delay without resulting in any significant increase in costs. July 2, 2014 Order at 12.

7    These determinations will likely be afforded deference on appeal, and the Court finds no

8    likelihood that the State Defendants will prevail.

9

10   **B.    Irreparable Injury Absent Stay**

11   The Court is similarly unpersuaded by the State Defendants' claim that they will

12   suffer irreparable injury absent a stay. First, the State Defendants argue that the absence of

13   a stay might moot their appeal. However, the State Defendants have not explained how

14   continued action by Pingora Consulting or the Monitor will render its appeal moot. To the

15   contrary, the Court's enforcement of its July 2, 2014 order will not "materially alter the

16   status of the case on appeal" because it maintains the status quo that existed "at the time of

17   the . . . appeal." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001). While it

18   would be impermissible for the Court to attempt to "adjudicate anew the merits of the

19   case," *id.* (internal citations and quotations omitted), the Court has no intention of doing

20   so. Thus, the Court does not find any risk that denying a stay would moot the State

21   Defendants' appeal, and the State Defendants therefore will not suffer any injury on that

22   basis.

23   Second, the State Defendants claim they will expend "scarce resources" responding

24   to the consultants' CAP while also prosecuting an appeal concerning their appointment.

25   Mot. at 6. However, the State Defendants themselves recognize that "monetary harm does

26   not constitute irreparable injury," *id.* at 7 (citing *Cal. Pharamcists Ass'n v. Maxwell-Jolly*,

27   563 F.3d 847, 851 (9th Cir. 2009)), and this therefore does not constitute irreparable injury

28   absent a stay.

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1        Finally, the State Defendants warn of the danger of a "multiplicity of actions and

2  inconsistent court judgments if a stay is not issued" because plaintiffs in another case

3  might seek appointment of their own consultant to examine CDE's state-level monitoring

4  system.  Mot. at 6.  Such speculation – both that a consultant might be appointed in another

5  case and that any such consultant's conclusions would conflict with the CAP developed in

6  this case – is insufficient to constitute irreparable injury.

7        In short, the Court finds no risk of irreparable harm to the State Defendants if their

8  request for a stay is denied.

9

10       **C.**    **Substantial Injury to Plaintiffs**

11        The State Defendants next contend that Plaintiffs will not be substantially injured if

12  the Court stays its July 2, 2014 order.  This Court disagrees.  Resistance to, and failure to

13  comply with, the orders of this Court has served to delay the necessary institutional

14  reforms long identified and thereby deny the rights of Ravenswood students to receive the

15  education they are entitled to by law.  While the State Defendants are correct that some

16  progress could continue even if a stay were granted, that does not mean that Plaintiffs

17  would suffer no injury.  A stay would unnecessarily prolong the development of a CAP to

18  address the deficiencies identified in the Monitor's January 9, 2014 report – in direct

19  contravention of the expediency the Court determined was warranted when it directed the

20  engagement of consultants to assist the Monitor.  The Court finds that such undue delay in

21  effective CDE general supervision and oversight would result in substantial injury to

22  Plaintiffs.

23

24       **D.**    **Public Interest**

25        Finally, the State Defendants argue that "the public interest of judicial economy will

26  suffer without a stay" because the Court would be acting on matters over which it has been

27  divested of jurisdiction.  Mot. at 7-8.  However, as discussed above, any enforcement

28  orders of the Court's July 2, 2014 order would serve only to maintain the status quo at the

1    time of the appeal.  This Court retains such jurisdiction, *Natural Res. Def. Council v. Sw.*

2    *Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001), and the State Defendants' judicial

3    economy argument therefore fails.  Moreover, the Court finds the public interest to weigh

4    in favor of enforcing Plaintiffs' rights under federal law.

5

6    **CONCLUSION**

7        For the reasons discussed above, the Court DENIES the State Defendants' motion

8    to stay the Court's July 2, 2014 order.  IT IS FURTHER ORDERED that the Clerk shall

9    deposit the $50,000 payment received from CDE on August 18, 2014, into the Court

10   registry.  Disbursement of these funds will be delayed for one week from the filing of this

11   Order to allow the State Defendants time to seek a stay from the Ninth Circuit Court of

12   Appeals.  After that time, the disbursement of these funds will be addressed in a

13   subsequent order.

14

15   **IT IS SO ORDERED.**

16

17   Dated:  8/25/14                                    _____

18                                                      THELTON E. HENDERSON
                                                        United States District Judge

19

20

21

22

23

24

25

26

27

28

7