UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMMA C., et al.,

    Plaintiffs,

    v.

DELAINE EASTIN, et al.,

    Defendants.

Case No. 96-cv-04179-TEH

**ORDER DENYING CALIFORNIA DEPARTMENT OF EDUCATION'S REQUEST FOR AN EVIDENTIARY HEARING**

On March 9, 2015, the Court Monitor filed his Draft Quarter 2 Ravenswood Self Improvement Plan ("RSIP") Report and final amended Quarter 1 RSIP Report for RSIP items 6.2.1(1), 9.2.1(j), and 9.2.1(k). (Docket No. 2027). Defendants California Department of Education ("CDE") and Ravenswood School District ("District") submitted their objections to these reports on March 18. On March 23, the Monitor filed his final Quarter 2 RSIP Report, including a cover memorandum that addressed Defendants' objections. (Docket No. 2031). Citing what it believed to be deficiencies in the RSIP reports, the CDE filed a request for an evidentiary hearing on March 30, 2015.[1] (Docket No. 2032). Plaintiffs responded on April 3, 2015. (Docket No. 2033). After careful consideration, the Court DENIES the CDE's request for an evidentiary hearing for the reasons set for below.

**LEGAL STANDARD**

Section 8.1(a) of the First Amended Consent Decree ("FACD") provides: "Any time after the Monitor files with the Court a report under Paragraph 6.1.2 above, any Party may file with the Court a Request for Evidentiary Hearing to determine if [Defendants]

---

[1] The CDE's request was made in the form of an *ex parte* motion. However, the submission failed to explain why *ex parte* relief is appropriate, as required by Civil Local Rule 7-10. Nonetheless, the Court will address the merits of the request.

should be held in contempt or to seek other relief regarding [Defendants'] compliance with this [FACD]." Additionally, Section 8.1(c) states: "Any Party may request a hearing regarding any other matter related to this [FACD]. The Court may, on its own motion or at the request of a Party, schedule an Evidentiary Hearing <u>upon its determination that an Evidentiary Hearing is necessary or appropriate</u>." (emphasis added).

**DISCUSSION**

After reviewing the concerns of the CDE, the Court determines that an evidentiary hearing is neither necessary nor appropriate. The CDE presents three arguments. First, it contends that the Monitor has provided insufficient details in support of the RSIP Report's determinations. Mot. at 3-5 (Docket No. 2032). Second, the CDE states that it cannot ensure the District's compliance with the RSIP unless and until the term "curriculum-based assessments, aligned to the California curriculum framework" is clearly defined. *Id.* at 5-8. Finally, the CDE requests that all student files should be deemed compliant under RSIP items 6.2.1(l), 9.2.1(j), and 9.2.1(k) if the Woodcock Johnson III assessment was used. *Id.* at 8-9. The Court will address each of these arguments in turn.

**I.   Sufficiency of Monitor's Level of Detail in Support of Determinations**

Section 6.1.2 of the FACD sets forth the requirements for the Monitor's determinations on the RSIP items assessed in each quarterly report. Section 6.1.2 provides, in relevant part:

> Separately, for each Requirement, the Monitor's report shall set forth: (1) the Monitor's determination as to whether the District has complied with the Requirement, and (2) the reasons, in as much detail as possible, for the Monitor's determination (including information regarding any observations or interviews relied upon by the Monitor).

FACD § 6.1.2.

In the Draft Q2 RSIP Report, the Monitor noted in his cover memorandum that "[T]he Districts compliance with requirements related to curriculum-based assessments

2

(CBAs) declined (precipitously with RSIP 6.2.1(l)). This was frequently the result of failure to implement (or perhaps document) CBAs in writing, and sometimes in math." Draft RSIP Report Mem. at 4 (Docket No. 2027). Regarding Requirement 6.2.1(l), the Report states: "Files of 40 students who were assessed between 11/1/14-1/31/15 were reviewed." Draft RSIP Report at 1 (Docket No. 2027). The Report then notes the numerical compliance rate for this Requirement. *Id.* at 2. Similarly, regarding Requirements 9.2.1 (j) and (k), the Report states: "The files of 105 students who had IEP meetings between 11/1/14-1/31/15 were reviewed, with the following results." *Id.* at 9. The Report then provides the numerical compliance rate for these Requirements. *Id.*

The CDE responded to the Draft Report by objecting to the Report's alleged lack of detail. Ex. A to Wise Decl. at 3 (Docket No. 2032-1). Specifically, the CDE claimed that because of the lack of detail, the CDE was "hamstrung in its ability to ensure the District's performance of its obligations under the [FACD] and is unable to provide relevant technical assistance to guide the District in its fulfillment of the remaining RSIP requirements." *Id.* Nonetheless, the CDE proceeded to provide 39 objections to the compliance determinations relating to 13 different students for RSIP items 6.2.1(l), 9.2.1(j), and 9.2.1(k). *Id.* at 4-8.

The Court Monitor responded to each of these objections in his finalization memorandum filed with the Court on March 23, 2015. RSIP Report Finalization Mem. (Docket No. 2031). In this memorandum, the Monitor explained, in detail, the findings of noncompliance. *See id.* at 6-10.

Based upon the above facts, it is unclear how the Monitor's findings are insufficiently detailed. The CDE's claim that it was "hamstrung" in fulfilling its obligations under the FACD because it was unable to provide assistance to the District as a result of the Monitor's allegedly vague determinations is contradicted by the fact that the CDE managed to raise numerous specific objections to the Monitor's determinations. Furthermore, the final RSIP Report, including the finalization memorandum, appears to

contain adequate reasons for the Monitor's determinations, as required by FACD § 6.1.2. For example, in response to one objection, the Monitor explained:

> However, neither the assessment report nor the IEP contain evidence of CBAs in writing and math. The assessment includes the following statement for math: "L has scored very low in multiple in-class teacher-created assessments. On a quiz assessing her understanding of adding and subtracting integers (positive and negative whole numbers), she scored 0 out of a possible 7. On a quiz assessing her understanding of multiplying and dividing integers (positive and negative whole numbers), she correctly answered 4 out of a possible 10 questions." Writing was not addressed. Goals and objectives were not written for math or writing. However, the goals for math from the previous year were not met. The IEP does not contain evidence that CBA results were shared with the team. The findings are correct.

RSIP Report Finalization Mem. at 9 (Docket No. 2031). Additionally, the Monitor explained his rejection of the CDE's general objections. *Id.* at 4-6.

Furthermore, it appears that the quarterly report determinations have included this same level of detail for the past eleven years. Yet, at no point have Defendants ever raised an objection to the level of detail supporting those determinations. If the CDE's assertion is correct, and the lack of detail renders the CDE unable to fulfill its FACD obligations, then the Department has been utterly derelict in its duties for the last decade. Similarly, if the level of detail is inadequate, it is surprising that the District has been able to rectify findings of noncompliance over the past eleven years. Moreover, this raises the question of why the District, whose noncompliance the reports identify, has never objected to the level of detail provided, and does not now appear to join the CDE in its concerns.

It is unclear to the Court what additional details the CDE requires. It is even more unclear how an evidentiary hearing provides an efficient resolution of the CDE's concerns. The Court therefore DENIES the CDE's request for an evidentiary hearing. Additionally, because the CDE does not explain what additional details it requires from the Monitor, the Court also declines to order the Monitor to provide additional details at this time.

## II. Definition of Curriculum-Based Assessment

Related to the CDE's complaint about the Monitor's level of detail in articulating his determinations, the CDE requests that the Court either hold an evidentiary hearing for the Monitor to provide testimony about the standards of measurement used to determine when a curriculum-based assessment ("CBA") is aligned with the California curriculum framework, or in the alternative, order the Monitor to define those standards. Mot. at 5-8.

The Court understands that, in the past, the Monitor and the District used an ad hoc process of submitting and approving potential CBAs. In addition, the District described in its objections to the Monitor's report the process it engaged in to train staff and implement CBAs aligned with the new curriculum this school year. RSIP Report Finalization Mem. at 3-4 (Docket No. 2031). Nonetheless, the Court agrees that it would be helpful to develop an operational definition of a "curriculum-based assessment" in order to ensure that Defendants are provided fair notice of what is required to comply with these RSIP items. For this reason, pursuant to FACD § 4.5, the Court ORDERS the Parties to meet and confer regarding an acceptable definition of, or standard of measurement for, a "curriculum-based assessment aligned with the California curriculum" within the context of RSIP items 6.2.1(l), 9.2.1(j), and 9.2.1(k). By **April 30, 2015**, the Parties shall file a joint stipulation, or separate statements if they cannot agree, regarding an appropriate definition or standard of measurement. In the alternative, as the Monitor has no concerns regarding the District's list of CBAs for the 2014-2015 school year, the Parties may simply agree to the current list and devise a process for the District to propose changes to this list in future years.

Accordingly, the Court DENIES the CDE's request for an evidentiary hearing, and will not order the Monitor to define the applicable standard for CBAs.

## III. Woodcock-Johnson III Test

Finally, the CDE requests that the Court order the Monitor to deem compliant student files for which the assessment used was the Woodcock-Johnson III ("WJ III") test.

5

Mot. at 8-9. In the CDE's Response to the Draft RSIP Report, the CDE asserted that the WJ III test should qualify as an appropriate CBA, such that student files containing the test should be deemed compliant with the relevant RSIP Requirements. CDE Resp. to Draft RSIP Report at 4 (Docket No. 2032-1). The Monitor rejected this argument in his finalization memorandum. Finalization Mem. at 5-6 (Docket No. 2031). Specifically, the Monitor noted that the CDE put forth no evidence that the WJ III test is aligned with California's curriculum framework for reading, writing, and math. *Id.* at 5. The Monitor also pointed out that the District did not include this test in its 2014-2015 or amended 2015 list of CBAs. *Id.* Furthermore, the Monitor explained that even under the CDE's own definition of a CBA, the WJ III test does not qualify, in part because the WJ III test is a norm-referenced test that relies on data gathered from a sample of students from 1996-1999. *Id.* at 5-6 (citing the publisher of the WJ III test).

Given that the State of California's current curriculum framework was adopted on August 2, 2010, the Monitor determined: "It is unlikely that an assessment normed between 1996-1999 and published in 2001 was based on a curriculum framework that was not adopted until 2010." *Id.* This Court agrees, and therefore DENIES the CDE's request that the Court find student records containing the WJ III test to be compliant. However, if requested by the CDE, the Court may reassess this determination in light of the definition or standard of measurement for CBAs that results from the Parties' meet and confer ordered above.

**IV.  Request for Judicial Notice**

The CDE has also requested that the Court take judicial notice of information found on two websites. CDE Request for Judicial Notice (Docket No. 2032-2). First, the CDE asks the Court to judicially notice excerpted pages from the website of the University of New Mexico, located at http://www.unm.edu/~devalenz/handouts/cba.html. These pages provide a definition for curriculum-based assessments. Second, the CDE asks the Court to judicially notice excerpted pages from the website of the CDE itself, located at

http://www.cde.ca.gov/ci/rl/cf/elaeldfrmworksbeadopted.asp. These pages provide the table of contents for the English Language Arts/English Language Development Framework adopted by the CDE, among other information.

The Court finds that the information contained on these pages are proper subjects of judicial notice under Federal Rule of Evidence 201. However, the Court makes no judgment as to whether the information judicially noticed controls as the definition or standard of measurement for a CBA within the context of the RSIP items discussed in this Order. Accordingly, the Court GRANTS the CDE's request for judicial notice.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the CDE's request for an evidentiary hearing. Nonetheless, the Court ORDERS the Parties to meet and confer regarding an appropriate definition or standard of measurement for a curriculum-based assessment within the context of RSIP items 6.2.1(l), 9.2.1(j), and 9.2.1(k). The Parties shall file a joint stipulation or separate statements regarding this definition or standard of measurement on or before **April 30, 2015**. Additionally, the Court GRANTS the CDE's request for judicial notice.

**IT IS SO ORDERED.**

Dated: 04/10/15

_____
THELTON E. HENDERSON
United States District Judge