UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA C., et al., <br>     Plaintiffs, <br> v. <br> DELAINE EASTIN, et al., <br>     Defendants. | Case No. 96-cv-04179-TEH <br><br> **ORDER ON FY 2015-2016 BUDGET** |

Defendants Ravenswood City School District ("District") and the California Department of Education ("CDE") are at an impasse on the appropriate allocation of the proposed budget for FY 2015-2016, which begins on July 1. The Court must now intervene. To this end, the Court received opening and responsive briefs from both Defendants, as well as a responsive brief from Plaintiffs. Oral argument was heard on June 15, 2015. After consultation with the Court Monitor, and a full consideration of the Parties' written and oral arguments, the Court ORDERS the FY 2015-2016 Budget as provided below.

**BACKGROUND**

On Mach 4, 2015, the Court set the schedule for the allocation process for FY 2015-2016. Budget Allocation Order (Docket No. 2026). Defendants were encouraged to agree upon an equitable allocation of the RSIP and Monitor's budgets in light of previous guidance from the Court. As in years past, Defendants were informed that a failure to reach agreement on the budget would result in the Court's intervention to effect "an equitable allocation." *Id.* at 1. Pursuant to the Budget Allocation Order, the District and the Court Monitor submitted proposed budgets on April 17, 2015. (Docket Nos. 2038-39). Defendants unsuccessfully engaged in a meet and confer process, after which they informed the Court Monitor of their inability to reach an agreement. After a similarly

1 unsuccessful mediation process led by the Court Monitor, Defendants filed opening briefs
2 on their budget positions on May 22, 2015, with responses and a hearing held thereafter.
3 (Docket Nos. 2047-48, 2051, 2059-60).

**DISCUSSION**

Defendants are in disagreement on three issues.  First, Defendants disagree whether the Ravenswood Self Improvement Plan ("RSIP") budget should be allocated separately from the Monitor's budget.  Second, they disagree on the appropriate allocation of the RSIP and Monitor's budgets between Defendants.  Third and finally, they disagree on the appropriate coverage level for backfilled services under the RSIP budget.  The Court addresses each of these issues in turn.

**I.     Disaggregation of the RSIP and Monitor's Budgets**

The RSIP budget and the Monitor's budget have historically constituted one annual budget.  This year, however, the District argues that the RSIP and Monitor's budgets should be disaggregated, with the costs of each budget allocated separately.  The District correctly points out that, in recent years, an increasing portion of the Monitor's services have focused on the statewide monitoring system - an issue for which the District bears no financial responsibility under the First Amended Consent Decree ("FACD").  Nonetheless, the District has paid an increasing share of the collective budget each year.  To rectify this fundamental unfairness, the District proposes that the cost of the Monitor's budget be allocated differently from the costs associated with RSIP implementation, with the allocation of the Monitor's costs reflecting the Monitor's allocation of services between RSIP-related and state-related assignments.  CDE responds that disaggregation should not be ordered because this has not been the budgetary practice in the past.  The Court agrees with the District and adopts its disaggregated approach to the FY 2015-16 budget.

In addition to the Court's interest in the *fair and equitable* allocation of budgetary expenses, disaggregation is the necessary result of this Court's July 2, 2014 Order, which

provided that "CDE shall be responsible for the costs associated with the development and oversight of the corrective action plan, including any consultants hired by the Monitor." *See* July 2, 2014 Order at 13 (Docket No. 1958). Consequently, the Court ORDERS that the costs of the RSIP and Monitor's budgets will be allocated separately.

## II. Allocation of the RSIP Budget

In the first year that the RSIP was put into effect, FY 2003-2004, the Court ordered that CDE bear 75% and the District bear 25% of the costs associated with RSIP implementation. In the following years, CDE's portion of the budget decreased by 2.5% to 5% each year,[1] except between the 2008-2009 and 2009-2010 fiscal years, during which the allocation percentages remained the same. This annual decrease in CDE's budgetary responsibility is in keeping with the principle that the cost of RSIP implementation should increasingly shift to the District to ensure that improvements in the District's provision of a free and appropriate public education ("FAPE") are financially sustainable at the close of the case. Based on the historical trend, CDE argues that its allocation of the budget should decrease this year to between 15% and 20%. State's Br. at 7 (Docket. 2047).

Conversely, the District argues that the RSIP budget allocation should remain the same as last year, with CDE bearing 22.5% of the cost and the District bearing 77.5%. District's Br. at 7 (Docket No. 2048). The District's argument for maintaining the current budget allocation is that it has made marked improvement in recent years, and that as the District approaches full RSIP compliance it should not be starved of necessary funds. While the Court recognizes the budgetary constraints faced by the District as outlined in the District's opening brief, it declines to jeopardize the sustainable provision of FAPE by artificially propping up the District in the final months of the RSIP. Put another way, if the District cannot maintain its recent level of success and achieve full compliance under its current financial constraints, the Court is deeply concerned about the District's ability to

---

[1] In the last decade, CDE's allocation of the budget has been: 50%, 45%, 40%, 40%, 35%, 31.5%, 30%, 25%, and 22.5%. State's Br. at 7.

3

1  provide FAPE when the Court is no longer requiring the state to provide special funding.
2  The Court is not interested in the illusion of FAPE for the sake of a speedier resolution to
3  this case.  In accordance with established principles, the Court ORDERS that CDE bear
4  20% of the cost and the District bear 80% of the cost of the RSIP budget.

## III.  Allocation of the Monitor's Budget

As a preliminary matter, the Court notes that the prospective nature of budgets makes it difficult to assess the appropriate allocation of the Monitor's budget for the coming year.  The District's position is that CDE should pay 75% of the Monitor's budget, based upon its expectation of the Monitor's expenditure of services toward state-specific issues.  The Court agrees that the Monitor's budget should be allocated based upon an expected expenditure of the Monitor's services, but finds the District's proposed allocation untenable.  In consultation with the Monitor and based upon best estimates, the Court ORDERS the allocation of the Monitor's budget as follows:

| Budget Items | | CDE | | District | |
|---|---|---|---|---|---|
| | | **Allocation** | **Amount** | **Allocation** | **Amount** |
| Office | $86,767 | 50% | $43,383.50 | 50% | $43,383.50 |
| Consultants | $108,000 | 25% | $27,000 | 75% | $81,000 |
| Parent Advocacy | $74,000 | 20% | $14,800 | 80% | $59,200 |
| Monitor's Salary | $140,000 | 50% | $70,000 | 50% | $70,000 |
| **Budget Totals** | **$408,767** | **37.96%** | **$155,183.50** | **62.04%** | **$253,583.50** |

In order to provide for the accurate allocation of the costs associated with the Monitor's budget, the Court will undertake a budget reconciliation process near the close of the 2015-2016 fiscal year.  In order to implement this reconciliation, the Court has instructed the Monitor to submit to the Court monthly timesheets accounting for his work and that of his consultants.  These timesheets will delineate the expenditure of services between RSIP-related and state-related matters.  As part of the reconciliation process, the Court will review the Monitor's timesheets and retrospectively assess the actual allocation

4

of the Monitor's services.[2] Defendants will be ordered to compensate each other accordingly through adjustments to the following year's budget.

### IV. RSIP Budget's Coverage of Backfilled Services

Finally, the Court must address the appropriate coverage rate for "missed minutes." The District requests that the RSIP budget include 100% coverage for backfilling the delivery of services and making up "missed minutes." This portion of the budget deals with the use of independent contractors to ensure that RSIP-required services are not missed. For example, when an employed Speech and Language Pathologist (SLP) is called upon to attend an Individualized Education Program meeting, it might conflict with scheduled SLP sessions. At these times, independently contracted SLPs are paid to step in and provide previously scheduled services for students. The timely provision of services is tracked by RSIP section 12.1.3. The District notes that it has achieved substantial improvement in this area in recent years, in large part due to its use of these independent contractors. Further, the District argues that the need for these contracted services will decrease after the completion of the RSIP, as the District will not be under the same pressure to so immediately make up missed minutes.

CDE's position is that the RSIP budget should only provide 10% coverage for backfilling the delivery of services and making up "missed minutes." CDE argues that the delivery of timely services is not covered at 100%, so covering "missed minutes" at 100% provides a disincentive to deliver timely services. The Court rejects this moral hazard argument, as the District has little incentive to risk noncompliance under the RSIP by intentionally missing minutes just so that it can pay slightly less for the provision of a small portion of its services. This is especially true as the District already bears 77.5% of the cost of these contractors, even under 100% RSIP coverage. The associated risks and

---

[2] Defendants are not entitled to the details of these timesheets because the Monitor is an agent and extension of the Court. However, during the reconciliation process, the Parties will be informed of the overall number of hours and nature of services expended.

rewards therefore make CDE's argument implausible. Accordingly, the Court ORDERS that missed minutes and backfilled services be covered at 100% under the RSIP budget for FY 2015-2016.

**CONCLUSION**

The Court hereby ORDERS the FY 2015-2016 Budget and budgetary allocation as provided above. In consultation with the Court Monitor, Defendants shall develop and file with the Court a deposit schedule modeled on last year's schedule. In light of the impending commencement of the new fiscal year on July 1, the schedule must be filed on or before **June 25, 2015**.

**IT IS SO ORDERED.**

Dated: 06/18/15 _____
THELTON E. HENDERSON
United States District Judge

6