UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMMA C., et al.,

        Plaintiffs,

v.

DELAINE EASTIN, et al.,

        Defendants.

Case No. 96-cv-04179-TEH

**ORDER RE: STATE DEFENDANTS' REQUEST FOR CLARIFICATION ON BUDGET ORDER**

        On June 18, 2015, the Court set a budget for the 2015-16 fiscal year after the District and State Defendants failed to reach an agreement on budget allocation. (Docket No. 2064). The Court's Budget Order explained that the Monitor's portion of the budget was "allocated based upon an expected expenditure of the Monitor's services." *Id.* at 4. In the same Order, the Court explained that District-related expenses would be apportioned 80% to the District and 20% to the State, a cost-sharing approach applied to every budget in the long history of this case. However, upon entry of the Order, it came to the Court's attention that it had miscalculated the budget allocation percentages by failing to apply the cost-sharing principle to all but one of the items in the Monitor's Budget - the Parent Advocacy item, which the Court correctly allocated as 80% District and 20% District. The Court immediately issued a Revised Order with the correct allocation percentages, noting that the corrected numbers were "[c]onsistent with the long-standing principle that State Defendants should share a portion (20% this year) of the costs for District-related expenses." (Docket No. 2065).

        On June 23, 2015, the State Defendants filed a "Request for Clarification and an Extension of Time to File 2015-16 Budget Deposit Schedule." (Docket No. 2067). The State's Request asks the Court to clarify its allocation of the Monitor's budget, and seeks leave to file a brief on the cost-sharing principle applied by the Court. *Id.* at 2. The State

also seeks clarification of the budget reconciliation process instituted by the Budget Order, and an extension of time to June 26, 2015, to file a deposit schedule. *Id.* at 3.

**DISCUSSION**

As a preliminary matter, the State's "Request" is procedurally questionable, at best. The Request argues:

> Because the District did not request that CDE share a portion of its expenses under the Monitor's budget, the parties did not brief this issue, and the issue was not addressed at the hearing before this Court, the State Defendants request an opportunity to brief the issue, unless the Court modifies the Monitor's budget to allocate only CAP-related expenses to CDE.

*Id.* at 3. It is clear that the State does not seek clarification - it seeks renewed argument. Accordingly, the Request should have been filed as a request for leave to file a motion for reconsideration.[1] This is not the first time in recent memory that the State has made a procedurally questionable filing. In April, the State filed a request for an evidentiary hearing as an *ex parte* motion, but failed to explain why *ex parte* relief was appropriate under Civil Local Rule 7-10. *See* April 10, 2015 Order at 1 n.1 (Docket No. 2034). Nonetheless, the Court addressed the merits of that request, just as it will do here - however, the State Defendants are on notice that future filings must comply with the local rules, and provide an opportunity for the other Parties to be heard on the issues raised where appropriate.

It is apparent that the State understands how the Court allocated the Monitor's budget in the Revised Order. The Court allocated state-specific expenses exclusively to the CDE, and apportioned all District-related expenses 80% to the District and 20% to the CDE. The 80/20 cost-sharing formula was established in the Budget Order, taking into

---

[1] Had such a motion been made, it would have likely been denied. There are no material differences in fact or law between the time of argument and this motion, nor any new material facts or change of law since the Order was issued, and the Court finds no manifest failure on its part to consider material facts or dispositive legal arguments that were previously presented to the Court. Civil L.R. 7-9(b).

2

consideration the historical trend of shifting an increasing portion of District-related expenses to the District. In fact, the 80/20 formula was the formula advocated by the State Defendants and litigated through both written and oral argument. *See* State's Mot. at 9 (Docket No. 2047). Evidently, the State does not object to cost-sharing District-related expenses in the newly disaggregated *RSIP* component of the budget, but takes issue with applying the same cost-sharing approach to District-related expenses in the *Monitor's* component of the budget. This position is beyond reason.

The California Department of Education and the District of Ravenswood are jointly and severally liable for ensuring a free appropriate public education (FAPE) in the least restrictive environment (LRE) to the students of Ravenswood. In accordance with this legal reality, the cost of providing FAPE is shared by the Defendants. This is not a new concept, as it has been applied to every budget in the history of this case. Moreover, the District addressed this point in its opening brief, District's Mot. at 5 (Docket No. 2048), and at oral argument. Specifically, at oral argument, the District stated: "The allocation percentage applied to the RSIP should be applied only to that portion of the Monitor's budget that is spent monitoring the RSIP. For the balance the entire amount should be borne by CDE." Armsby Decl. ¶ 4 (Docket No. 2068-1).[2] The State's failure to address this argument in its opening brief, responsive brief, and at oral argument, does not constitute adequate grounds for this Court to revisit its Order and allow the State yet a fourth bite at the apple.

Finally, the Court clarifies that the budget reconciliation process will only be used to determine whether the Monitor's services and expenses are: (1) related to state oversight of the District's compliance - including but not limited to the CAP, as the state's oversight extends to other matters such as addressing student complaints; or (2) purely related to the District and RSIP. The first category of costs will be allocated exclusively to the State Defendants, while the second category will be apportioned between the State and District

---

[2] The Court has confirmed that this quotation is accurate.

1 Defendants due to their joint and several liability for the provision of FAPE. To make this
2 determination, the Court will review the Court Monitor's timesheets and any other relevant
3 documentation. Upon completion of that review, the Court will explain the basis of its
4 determination to the Parties and, if necessary, allow a full and fair opportunity to be heard
5 regarding the Court's decision.

**CONCLUSION**

As in years past, the Court informed Defendants that a failure to reach an agreement on the budget would result in the Court's intervention to provide "an equitable allocation." March 4, 2015 Budget Allocation Order at 1 (Docket No. 2026). Defendants failed to reach an agreement, and as promised, the Court intervened. The Court provided Defendants the opportunity to make opening and responsive briefs regarding their budget positions, and held oral argument on June 15, 2015. After considering all of the arguments presented, including the District's argument that District-related portions of the Monitor's budget should be cost-shared, the Court issued a Budget Order. The State Defendants have had a full and fair opportunity to be heard on this matter. Nonetheless, should the State still desire to be heard on this issue, it may submit a brief not to exceed five pages, on or before **July 1, 2015**.

The Court also GRANTS the State Defendants' request for an extension to file a deposit schedule. The State's deposit schedule shall be due no later than **June 26, 2015**.

**IT IS SO ORDERED.**

Dated: 06/25/15

_____
THELTON E. HENDERSON
United States District Judge

4