JOHN C. BEIERS
County Counsel (SBN 144282)
BY: AIMEE ARMSBY, DEPUTY (SBN 226967)
San Mateo Office of County Counsel
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4768
Facsimile: (650) 363-4034
Email: aarmsby@smcgov.org
*Attorneys for Defendant Ravenswood City School District and Related Defendants*

KAMALA D. HARRIS
Attorney General of California
ISMAEL A. CASTRO
Supervising Deputy Attorney General
R. MATTHEW WISE (SBN 238485)
DARRELL SPENCE (SBN 248011)
KARLI EISENBERG (SBN 281923)
Deputy Attorneys General
1300 I Street, Suite 125
P.O. Box 944255 Sacramento, CA 94244-2550
Telephone: (916) 323-8549
Fax: (916) 324-5567
E-mails: Matthew.Wise@doj.ca.gov
         Karli.Eisenberg@doj.ca.gov
*Attorneys for Defendants Delaine Eastin, Superintendent of Public Instruction, the State Board of Education, and the California Department of Education*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA C., et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>DELAINE EASTIN, et al.<br><br>　　　　Defendants. | Case No. C-96-4179 TEH<br><br>**DEFENDANTS' STIPULATION AND [PROPOSED] ORDER RE RSIP BUDGET FOR FY 2016-17**<br><br>Judge: The Honorable Thelton E. Henderson |

Defendants Ravenswood City School District and related defendants ("District") and Delaine Eastin, Superintendent of Public Instruction, Department of Education and related defendants ("CDE"), (collectively "Defendants") hereby submit for approval the following 2016-17 budget deposit schedule and stipulation to budget oversight measures.

### I.　　The RSIP Budget for FY 2016-17

The RSIP budget, not including indirect costs, is $2,535,946.00 for Fiscal Year (FY) 2016-17. Including indirect costs at the designated rate of 6.41%, the total RSIP budget for FY2016-17 is

$2,698,500.14. The budget, organized by object code, is attached hereto as Exhibit A.

The Court Monitor has submitted a proposed 2016-17 budget of $295,290. Court Docket (CD) No. 2172.

**II.    Allocation of the FY2016-17 RSIP Budget between the District and CDE**

Defendants agree to allocate responsibility for the FY2016-17 RSIP budget eighty-two and a half percent (82.5%) to the District and seventeen and a half percent (17.5%) to CDE. The District and the CDE agree that the percentages set forth above may change pursuant to the issuance of a Court Order determining that certain RSIP expenditures are no longer supported or needed to implement the RSIP, or that the respective duties of the parties have changed during the course of FY 2015-16, or pursuant to a Court Order authorizing additional RSIP expenditures for FY 2015-16, or upon such other grounds as determined by the Court.

**III.   Allocation of the FY2016-17 Court Monitor's Budget between the District and CDE**

With regard to the FY 2016-17 Court Monitor's budget, Defendants seek direction from the Court as to a process for arriving at an allocation percentage for purposes of making deposits and disbursements for FY2016-17. In connection with the FY 2015-16 Court Monitor's budget, the Court obtained an estimate from the Court Monitor of 52.53% to the District and 47.47% to CDE, which percentage Defendants then incorporated into the budget stipulation and payment schedule. CD Nos. 2064, 2065. The Court implemented a process for "truing up" the allocation based on actual time spent by the Monitor, at some time following the close of FY2015-16 on June 30, 2016. *Id.*

It is anticipated that the allocation for FY2016-17 will be different from the allocation predicted by the Court Monitor for FY2015-16. Defendants would be amenable to following the same process for allocating the Court Monitor's budget as is in place for the current fiscal year, i.e., obtaining preliminary allocation percentages from the Court Monitor's best estimate and applying that allocation for purposes of the deposit and disbursement schedule for FY2016-17, with a process for reconciling the amounts paid with the actual allocation of the Court Monitor's time between RSIP-related and statewide-monitoring-related matters based on his actual time records after the close of the 2016-17 fiscal year.

**IV.    Schedule of Deposits to the Court**

Given that the allocation of the Court Monitor's budget is currently still in flux, Defendants have

1  agreed on a schedule for deposits as set forth below.  For the Court Monitor's budget, the schedule
2  indicates only percentages of each defendant's allocation percentage (to be determined), without
3  specifying dollar amounts.  Upon direction from the Court, Defendants will file an amended stipulated
4  schedule specifying the amounts to be paid.   Accordingly, the Defendants agree upon the following
5  schedule:

- By July 15, 2016, the CDE will pay 30 percent of their allocated share of the Court Monitor's budget (precise amount to be determined).
- By July 15, 2016, the District will pay 30 percent of its respective allocated share of the Court Monitor's budget (precise amount to be determined).
- By August 5, 2016, the CDE will pay 60 percent of their respective allocated share (i.e., $283,342.52 or 60% of $472,237.52) of the RSIP budget and 30 percent of their respective allocated share of the Court Monitor's budget (precise amount to be determined).
- By August 5, 2016, the District will pay 30 percent of its respective allocated share (i.e., $667,878.79 or 30% of $2,226,262.62) of the RSIP budget
- By October 3, 2016, the District will pay 30 percent of its respective allocated shares of the RSIP budget (i.e., $667,878.79 or 30% of $2,226,262.62) and the Court Monitor's budget (precise amount to be determined).
- By December 1, 2016, the CDE will pay 20 percent of their respective allocated shares of the RSIP budget (i.e., $94,447.50 or 20% of $472,237.52) and the Court Monitor's budget (precise amount to be determined).
- By January 16, 2017, the District will pay 20 percent of its respective allocated shares of the RSIP budget (i.e., $445,252.52 or 20% of $2,226,262.62) and the Court Monitor's budget (precise amount to be determined).
- By March 1, 2017, the CDE will pay 20 percent of their respective allocated shares of the RSIP budget (i.e., $94,447.50 or 20% of $472,237.52) and the Court Monitor's budget (precise amount to be determined).
- By April 14, 2017, the District will pay 20 percent of its respective allocated shares of the RSIP budget (i.e., $445,252.52 or 20% of $2,226,262.62) and the Court Monitor's budget

(precise amount to be determined).

## V. Redirection of Funds

The District and CDE agree that there will be no redirection of funds from the RSIP budget to any other District budget except by order of Court. In order to maintain the line-by-line and overall RSIP budget amounts stated in this stipulation, the District and CDE agree that there will be no redirection of funds between the individual lines of this RSIP budget, unless the District provides CDE with written notice of its intent to redirect funds at least 15 calendar days before the proposed redirection and any of the provisions stated in the below subsections apply. By entering this stipulation, Defendants do not waive their right to pursue any legal remedies available under the applicable rules of the federal court.

    a.    Definition: As used in this stipulation, redirection of funds within the RSIP will refer to the funds being taken from a line item as "source line item" and being used as additional funds for another line item as "recipient line item".

    b.    Magnitude: The District must indicate in its written notice of intent the magnitude of the proposed redirection in terms of a dollar amount, as well as the percentage of the source line item funds being taken and in terms of the percentage of recipient line item funds being augmented.

    c.    Procedures for Redirection:

        (1)    No Written Stipulation[1] Necessary:

Where a single redirection involves an amount equal to 5% or less of the source line item funds or the recipient line item funds for FY 2016-17, then no written stipulation between the District and CDE is necessary to accomplish the redirection. Should three or more redirections involving individual amounts equal to 5% or less of a specific source line item or a specific recipient line item for FY 2016-17 occur, then any subsequent redirections of such line item funds must be accomplished in accordance with the "mandatory process" set forth below at (2).

        (2)    Mandatory Process for Written Stipulation and/or Court Order:

            i.    Where the redirection involves more than 5% of the source line item funds or the recipient line item funds for FY 2016-17, then the District must seek a written

stipulation with CDE to accomplish the redirection.

    ii. If the District and CDE are unable to reach a written stipulation concerning the redirection of funds exceeding 5% of the source line item funds or the recipient line item funds for FY 2016-17, then the District and CDE shall engage in a meet-and-confer process, with the facilitation and/or mediation of the Court's monitor, if so requested by the District or CDE, to reach a written stipulation on such redirection.

    iii. Absent a written stipulation, the District may seek Court authorization for redirection of fund in an amount exceeding 5% of the source line item funds or the recipient line item funds for FY 2016-17 upon briefing and hearing conducted under the applicable rules of the federal court.

**VI.  Changes in RSIP Budget**

The District shall notify CDE if its overall budget and/or any particular line items of the District's budget is reduced during FY 2016-17, including but not limited to as a result of staff furloughs, layoffs, freezes on scheduled salary increases, net salary savings from vacant positions, reduction in school days, such that the actual amount needed to fund any stipulated RSIP function or the overall RSIP budget is reduced.  The District shall notify CDE of such reduction or freeze by letter to the CDE's counsel within 30 days of the action so that the District and CDE may reach a stipulation on the amount of any deposited RSIP funds to be returned or credited, and, if requested by either the District or CDE, engage in a meet-and-confer process, with the facilitation and/or mediation of the Court's Monitor, to reach a stipulation. Absent a stipulation between the District and CDE, any return or credit of deposited RSIP funds shall be determined by the Court upon briefing and hearing conducted under applicable rules of the federal court.  Nothing in this stipulation constitutes a waiver by the District of its right to file a motion with the Court seeking additional contribution from CDE and/or for an overall increase in the RSIP budget due to extraordinary circumstances.

---

(continued …)

[1] As used in the context of the redirection of budget amounts, "stipulation" shall not require court involvement, and may be accomplished through email.

### VII. Periodic Invoices

The District and CDE further agree that the District shall submit periodic invoices corresponding to available funds and in accordance with the schedule agreed upon in Section B, above, for payment into the Court registry, to the Court Monitor reflecting the funding necessary to implement the First Amended Consent Decree and RSIP.

The District and CDE further agree that copies of any and all invoices, and any supporting documents provided by the District to the Court Monitor shall also be provided at the same time to the CDE.

The District and CDE further agree that they shall meet and confer, upon the request of either party received within 30 days after the submission of the invoices to the Court Monitor, regarding the invoices or other documents provided to the Court Monitor. The parties request that the Court Monitor be instructed to maintain an accounting of all such invoices and forward them to the Court for immediate payment.

### IIX. Line Item Accounting

The District and CDE further agree that on a monthly basis, beginning August 1, 2016, the District will provide CDE with a line item report of budget expenditures. Upon receipt of CDE's written request, the District will provide backup documentation, in the form of and not limited to invoices and expenditure reports, supporting the RSIP expenditures within 14 days, unless an extension is agreed upon in writing by the parties' representatives.

### IX. Audits of RSIP Service and Expenditure Records

The District and CDE further agree that CDE may perform additional audits of RSIP records under two circumstances:

(1) First, CDE may perform additional audits of RSIP records if so authorized by Court Order.

(2) Second, and in the alternative, CDE may conduct additional audits upon 30 days' notice to the District and the Court Monitor that CDE have reliable evidence of misuse or misappropriation of RSIP funds and intend to conduct an additional audit of RSIP records to determine if misuse or misappropriation of RSIP monies has in fact occurred. Where CDE provides notice of their intent to

conduct an audit on such basis, the parties shall meet and confer, upon the District's request, to discuss disclosure of any or all of the evidence of misuse or misappropriation of RSIP funds upon which CDE relies. Nothing in this stipulation shall prevent the District from seeking the Court's intervention.

### X. Assumption of Special Education Services

Should any LEA assume legal and/or financial responsibility for providing special education services at any school(s) within the District during the 2016-2017 fiscal year, the Defendants agree to meet and confer, as defined by Local Rule 1-5(n), concerning any RSIP budget issues that may arise from the assumption, including and not limited to: (1) the LEA's financial responsibility for RSIP compliance, (2) the modification of the stipulated RSIP budget to reflect the LEA's assumed role and responsibilities for the delivery of special education services in lieu of the District's delivery, as funded under this RSIP budget, and (3) the reversion of RSIP funds to CDE as a result of special education services being delivered by the LEA.

The Court Monitor may be included in this meet and confer process upon the request of either Defendant. Should the Defendants be unable to reach agreement with regard to these matters, the District or CDE may petition the Court for modification of the stipulated RSIP budget for fiscal year 2014-2015 upon briefing and hearing conducted under the applicable rules of the federal court.

### XI. Deposit of Funds into the Court Registry

The indicated funds from CDE and the District will be deposited into the Court's registry for disbursement to the Court Monitor and to the District for RSIP purposes.

### VI.   CONCLUSION

Defendants hereby submit this joint stipulation and respectfully request that this Court approve and order the agreed upon relief as set forth herein.

Dated: May 20, 2016                JOHN C. BEIERS, COUNTY COUNSEL
                                   COUNTY OF SAN MATEO


                                   By:   /s/ *Aimee B. Armsby*
                                         Aimee B. Armsby

Deputy County Counsel
*Attorneys for Ravenswood City School District and Related Defendants.*

Dated: May 20, 2016            OFFICE OF THE ATTORNEY GENERAL


By:   /s/ *Karli Eisenberg*
       Karli Eisenberg
       *Attorneys for Defendants Delaine Eastin, Superintendent of Public Instruction, State Board of Education and the California Department of Education*


### [PROPOSED] ORDER

The Court has reviewed the parties' Joint Stipulation regarding the 2016-17 RSIP and Court Monitor's Budget.

For good cause shown, the parties' request to approve the agreements contained herein and order the parties' Joint Stipulation concerning the 2016-17 RSIP and Court Monitor's Budget as set forth herein is GRANTED.

IT IS SO ORDERED.


Dated:  5/31/2016                    _____
                                     THE HON. THELTON E. HENDERSON
                                     UNITED STATES DISTRICT COURT JUDGE

## Ravenswood City School District
**RSIP BUDGET**
**FISCAL YEAR 2016-2017**

| 5/6/2016 | | | |
|---|---|---|---|
| **Certificated Positions** | | | |
| **Object** | **Object Description** | | |
| 1110 | Teachers Sal - Reg | $ | 355,171 |
| 1215 | Psychologist Sal - Reg | $ | 286,857 |
| 1315 | Superintendent Sal - Reg | $ | 38,763 |
| 1320 | Assist Supt. Sal - Reg | $ | 138,108 |
| 1330 | Directors Sal - Reg | $ | 48,059 |
| 1335 | Coordinators Sal - Reg | $ | 603,816 |
| 1960 | Special Ed. - Stipends | $ | 79,000 |
| **Total Certificated Salaries** | | **$** | **1,549,774** |
| | | | |
| **Classified Positions** | | | |
| 2410 | Clerical/Other Off.Salary | $ | 224,813 |
| 2425 | Clerical/Other Off.Sal - OT | $ | 500 |
| 2440 | Clerical/Other Off.Sal - Hrly | $ | 500 |
| 2920 | Other Classified Sal - Reg | $ | 31,572 |
| 2925 | Other Classified Sal - OT | | 250 |
| **Total Classified Salaries** | | **$** | **257,635** |
| | | | |
| **3000** | Benefits | **$** | **596,576** |
| | | | |
| 4210 | Books | $ | - |
| 4310 | Instructional Materials | $ | - |
| 4316 | Office and Other Supplies | $ | 5,000 |
| 4330 | Printing | $ | - |
| **Total 4000** | | **$** | **5,000** |
| | | | |
| 5210 | Mileage | $ | 500 |
| 5215 | Parent/Student Conf/Trng | $ | - |
| 5220 | Staff Conferences | $ | - |
| 5227 | Workshop/Inservice/Trng | $ | 800 |
| 5228 | Recruitment | $ | - |
| 5614 | Rental Lease Equipment | $ | - |
| 5630 | Maintenance of Equipment | $ | - |
| 5801 | Consultant Scvs-Cert | $ | 63,380 |
| 5802 | Prfsnl/Sonslt Svcs-Clas | $ | 3,000 |
| 5807 | U.S. District Court | | |
| 5818 | Tuition | $ | - |
| 5819 | Non Public Agencies | $ | 57,281 |
| 5920 | Postage | $ | 2,000 |


| | | | | |
|---|---|---|---|---|
| **5000 Totals** | | | $ | 126,961 | |
| **Subtotal RSIP Budget** | | | $ | 2,535,946 | |
| **7310** | Dir Supt/Indr Cost Chgs (6.41%) | | $ | 162,554 | |
| | | | | | |
| **Grand Total w/indirect** | | | | $2,698,500.14 | |
| | | | | | |
| | | | | | |

| | | |
|---|---|---|
| CDE Share | 17.5% | $472,237.52 |
| District Share | 82.5% | $2,226,262.62 |