UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA C., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DELAINE EASTIN, et al.,<br><br>    Defendants. | Case No. 96-cv-04179-TEH<br><br>**ORDER RE: CDE'S COMPLAINT RESOLUTION REPORTING** |

    Defendant California Department of Education ("CDE") recently decided to ignore the procedure it agreed to over eleven years ago to provide the Monitor with information he needs to evaluate whether CDE is complying with the First Amended Consent Decree ("FACD") in this case. This is simply unacceptable. The Court issues this order to confirm – lest there was any doubt – that CDE must provide the Monitor with information necessary to fulfill his duties, and that failure to do so will be punishable by contempt.

    Section 6.1.1 of the FACD tasks the Monitor with "monitor[ing] the CDE's performance of its obligations to ensure the provision of FAPE [free appropriate public education] in the LRE [least restrictive environment] to children with disabilities in Ravenswood." Section 4.1 of the FACD provides that CDE's obligations in doing so include "implement[ation of] an effective monitoring system and complaint resolution procedure." Thus, there is no doubt that the Monitor is entitled to information regarding CDE's resolution of Individuals with Disabilities Education Act ("IDEA") complaints in the Ravenswood City School District.

    In 2005, the parties agreed with the Monitor that CDE would submit, no later than the third Monday following the end of each RSIP monitoring quarter, either full copies of

CDE's files for resolved IDEA complaints concerning Ravenswood or a statement that no complaints were resolved during that quarter.[1]  ECF No. 2223 at 2.  CDE has characterized this process as "appropriate and effective" and acknowledged that "CDE's complaint resolution process is subject to the Court's oversight."  *Id.* at 3 n. 2.

For eleven years, CDE followed the agreed-upon procedure without incident. However, CDE failed to provide timely complaint resolution information in August 2016. Although CDE ultimately showed the Monitor that it had provided the information in its August quarterly and semi-annual report, *see* ECF No. 2214 at 10, CDE also stated that it "does not agree that it is required to do so in the future."  *Id.* at 3–4.  For the following quarter, CDE once again failed to provide any information concerning complaint resolution to the Court Monitor.  ECF No. 2237 at 5.  After the Monitor filed the draft RSIP monitoring report and cover memo, CDE provided a follow-up email stating no complaints concerning Ravenswood were resolved during the quarter.  ECF No. 2241. However, the Monitor noted in his most recent quarterly report that CDE's August quarterly and semi-annual report included "two entries indicating that at least one complaint should have been resolved during this quarter, assuming the resolution of this complaint was timely. . . ."  ECF No. 2237 at 5.  The Monitor has observed that without timely submission of this information, he is prevented from fulfilling his obligations under Section 4.1 of the FACD.  ECF No. 2237 at 5–6.

CDE cannot decide unilaterally to violate long-standing procedures developed by the Monitor in consultation with the parties, or to ignore requests for information from the Monitor pursuant to his obligations.  The Court issues this order to make clear that CDE must, and shall, respond promptly to all requests for information from the Monitor concerning "CDE's performance of its obligations to ensure the provision of FAPE in the LRE to children with disabilities in Ravenswood."  FACD § 6.1.1.  This includes a requirement that CDE must, and shall, no later than the third Monday following the end of

---

[1] Quarters end on January 31, April 30, July 31, and October 31 of each year.

each quarter, provide the Monitor with either copies of files for resolved IDEA complaints concerning Ravenswood or a statement in writing that no complaints were resolved during that quarter. CDE shall file a statement with the Court, on or before February 3, 2017, identifying the person or persons responsible for complying with this order, and it shall update the name(s) of such person(s) whenever necessary.

The Court intends this order to provide a basis for entering sanctions should CDE fail to provide the Monitor with the information discussed above. Sanctions may include contempt proceedings against the responsible person or persons identified by CDE. If CDE believes that this order does not provide a sufficient legal basis to enter such sanctions, then it shall file a brief, no later than February 3, 2017, explaining the perceived deficiencies and proposing language to correct them. Other parties may submit an optional response to CDE's brief no later than February 10, 2017.

**IT IS SO ORDERED.**

Dated: 1/20/17    _____

THELTON E. HENDERSON
United States District Judge