UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA C., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DELAINE EASTIN, et al.,<br><br>        Defendants. | Case No. 96-cv-04179-TEH<br><br>**ORDER SETTING STATUS CONFERENCE** |

The Court is in receipt of the Monitor's reporting on Defendant California Department of Education's ("CDE") failure to comply with Corrective Actions 1, 3-7, 9-11, 17, and 20-43 of the Corrective Action Plan ("CAP"). *See* ECF Nos. 2180, 2242-43, 2259. In particular, the Court is dismayed by the Monitor's recent report:

> "The corrective actions (CAs) monitored in this report concern essential issues . . . . However, despite the importance of these issues, CDE's submissions reveal little movement toward compliance with the CAP . . . . Such a state of affairs, particularly in light of the findings of prior CAP monitoring reports, is not acceptable."

ECF No. 2259. Yet, despite the Monitor's numerous findings of non-compliance with the CAP, CDE recently stated it is "continuing to work on the corrective action plan imposed by the court monitor."[1] As the Parties are well aware, the CAP was adopted as an order of this Court with an effective date of December 3, 2015. ECF No. 2130 at 13-14. Additionally, the Ninth Circuit has recently recognized that "[t]he parties intended to grant [this Court] broad authority to ensure the

---

[1] Jane Meredith Adams, *Two-decade Old Legal Battle Over Special Education Oversight Nears Resolution, Brings Major Changes,* EDSOURCE (Mar. 19, 2017), https://edsource.org/2017/two-decade-old-legal-battle-over-special-education-oversight-nears-resolution-brings-major-changes/576675.

adequacy of the monitoring system . . . ." *Emma C. v. Eastin*, No. 14-16479, 2016 WL 7158013, at *1 (9th Cir. Dec. 8, 2016).

The Parties are HEREBY ORDERED to appear before the Court on **April 20, 2017, at 3:00 PM** for a Status Conference. The Parties shall submit a joint statement no later than **April 12, 2017** addressing the following:

1. The parties' perspectives on the overall status of the case.
2. The current status of the Ravenswood Self Improvement Plan ("RSIP").
3. CDE's progress in complying with the CAP.
4. What actions, if any, the Court should take to ensure CDE's prompt compliance with the First Amended Consent Decree and the CAP.
5. The status of the corrective actions related to Special Education Self Review ("SESR") and how the parties intend to address these corrective actions in light of CDE's adoption of its Annual Submission Process ("ASP"). *See* ECF No. 2242 at 31-34.
6. Any other information any party deems relevant.

**IT IS SO ORDERED.**

Dated: 3/22/17

_____
THELTON E. HENDERSON
United States District Judge