UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA C., et al.,<br>　　　　Plaintiffs,<br>　　v.<br>DELAINE EASTIN, et al.,<br>　　　　Defendants. | Case No. 96-cv-04179-TEH<br><br>**ORDER RE: REASSESSMENT OF MONITOR'S BUDGET ALLOCATION FY 2016–2017** |

On June 23, 2016, the Court provided an estimated allocation of the Monitor's budget for Fiscal Year ("FY") 2016–2017 between the District and CDE (collectively "Defendants"). ECF No. 2197. The parties previously agreed to allocate responsibility for the FY 2016–2017 RSIP budget as follows: 82.5% to the District and 17.5% to the CDE. ECF No. 2189. The fiscal year has concluded, and the Court has reviewed the Monitor's monthly timesheets to determine the actual expenditure of time and services between District-related and State-related matters. Of the approximately 564 overall hours of work reflected in the Monitor's timesheets, approximately 67 hours were spent on "general" items,[1] approximately 189 hours were spent on District-related items,[2] and approximately 308 hours were spent on State-related items.[3]

---

[1] "General" tasks include: financial management; timesheets; supervision of office staff; budget preparation and allocations; meetings regarding the case with the Court, status conferences; etc. In FY 2017–2018, this category will also include activities related to the upcoming transfer of this case.

[2] District-related tasks include: CD 6.1.8 resume review, interviews, and memoranda; meetings regarding the RSIP, District staffing and general issues; review of SST, behavioral and attendance data; MTSS meetings; review and analysis of RSIP data; report writing (including concluding report update); updating the Court on the status of the RSIP; meet-and-confers regarding the RSIP; meetings/phone calls with counsel; etc.

[3] State-related tasks include: reviewing and reporting on CDE's complaint resolution; review of Court documents; assisting Court with internal memoranda; review and analysis of Corrective Action Plan ("CAP") submissions and Plaintiffs' comments; writing CAP reports; meet-and-confers; meetings/phone calls with counsel; etc.

Considering the actual time expended on each category of tasks, and remaining consistent with the long-standing principle that CDE must share a portion (17.5% for FY 2016–2017) of the costs for District-related expenses, the reassessed allocation of the Monitor's budget is as follows:

**MONITOR'S BUDGET REALLOCATION FY 2016–2017**

| BUDGET ITEM | | AMOUNT | ALLOCATION | |
|---|---|---|---|---|
| | | | DISTRICT | CDE |
| **Office Expenses** | | $47,195.23 | $19,468.03 (41.25%) | $27,727.20 (58.75%) |
| **Consultants** | | | | |
| | District-related | $43,650.00 | $36,011.25 (82.5%) | $7,638.75 (17.5%) |
| | State-related | $2,687.50 | $0 (0%) | $2,687.50 (100%) |
| | Total | $46,337.50 | $36,011.25 | $10,326.25 |
| **PARENT ADVOCACY** | | $74,000.00 | $61,050.00 (82.5%) | $12,950.00 (17.5%) |
| **MONITOR'S SALARY** | | | | |
| | General | $11,344.26 | $4,679.51 (41.25%) | $6,664.75 (58.75%) |
| | District-related | $31,817.82 | $26,249.70 (82.5%) | $5,568.12 (17.5%) |
| | State-related | $51,966.57 | $0 (0%) | $51,966.57 |
| | Total | $95,128.65 | $30,929.21 | $64,199.44 |
| **BUDGET TOTALS** | | $262,611.38 | $147,458.49 | $115,202.89 |

The FY 2016–2017 numbers ended up such that the Monitor's estimates as to the budgets for both Defendants were below the actual time expended. As to the District, the total deposits were $132,372.71, while the actual expenditure totaled $147,458.49. Thus, the District has a current deficit of $15,085.78 for the 2016–2017 FY. As to CDE, total deposits were $101,031.43, while the actual expenditure totaled $115,202.89. Thus, CDE has a current deficit of $14,171.46, for the 2016–2017 FY. However, this situation was anticipated when the Court directed the Defendants to reduce their deposits for the 2016–

2017 FY. ECF No. 2205 at 2-3.[4] As noted in the Monitor's April 21, 2017 Memo, there are a significant amount of holdover funds from prior years. ECF No. 2275. After consulting with the Monitor, the Court has determined the best course of action is to use these holdover funds to cover the current deficits from the 2016–2017 FY and to reduce the Defendants' upcoming deposits for FY 2017–2018.

In contrast to the current practice of disaggregating the budget and allocating expenditures to one or both Defendants depending on whether the expenditures are related to the District and/or State assignments, all expenditures made prior to FY 2015–2016 were not allocated in such a manner. *See* ECF No. 2064. Rather, the Defendants would make deposits into one budget in accordance with a previously determined percentage allocation, and all expenditures were paid from this fund regardless of what the expenditure was related to. In light of these facts, the most fair and equitable approach for allocating holdover balances in years prior to FY 2015–2016 would be to distribute them using the same percentage allocation used for the deposits for that same year. For example, during the 2009–2010 FY, CDE was ordered to deposit 40% of the annual budget, while the District was ordered to deposit 60%. Upon reconciliation of the 2009–2010 FY budget, there was a surplus of $25,089.22. Accordingly, CDE receives 40% of the surplus, which totals 10,035.69; and the District receives 60% of the surplus, which totals $15,053.53. Applying this methodology to all of the prior fiscal years, including the last two fiscal years, renders the following: CDE has holdover funds totaling $124,167.18 and the District has holdover funds totaling $37,112.00.

Given the unpredictability of the *Emma C.* litigation at the present time, and the impossibility at the current time of predicting the pace and complexity of CDE CAP

---

[4] On June 23, 2016, the Court issued an Order outlining the Monitor's initial estimates as to allocation percentages for the 2016–2017 FY. ECF No. 2197 at 7–8. The budget total was expected to be $295,290.00, with CDE paying $156,157.87 and the District paying $139,142.13. *Id.* at 8. Because the Defendants were both owed money when reconciling the 2016–2017 FY, the Court determined it best "to reduce the Defendants' upcoming deposits for FY 2016–2017 in accordance with the amount owed to each Defendant." ECF No. 2205, at 3.

3

1  submissions in the FY 2017–2018 fiscal year, the task of predicting the Monitor's budget
2  is extremely difficult. The Monitor shall file an amended budget for the current fiscal year
3  taking into account the total holdover funds available, and adjusting the budget in
4  accordance with the recently approved RSIP stipulation. *See* ECF No. 2314. Following
5  the filing of the Monitor's amended budget, the Court will provide allocation percentages
6  for the Court Monitor's budget based upon best estimates from the Monitor, as was the
7  case in the last two fiscal years. The Defendants shall then file a deposit schedule for the
8  2017–2018 FY.

**IT IS SO ORDERED.**

Dated: 8/11/2017 _____
THELTON E. HENDERSON
United States District Judge