UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA C., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TOM TORLAKSON, et al.,<br><br>　　　　Defendants. | Case No. 96-cv-04179-VC<br><br>**ORDER RE MONDAY'S HEARING** |

　　　　The Court has reviewed the parties' submissions in advance of Monday's hearing. The Court welcomes a presentation from Kristin Wright, Alison Greenwood, and Shiyloh Becerril in the format CDE suggested in its March 19 filing. CDE may also include Kathy Gee in the presentation if it wishes, but in any event, Kathy Gee should be present at the hearing. In addition to providing a thorough overview of the relevant components of CDE's current system of monitoring and supervising special education, and a thorough discussion of their view of CDE's ability to achieve compliance with the relevant federal law, the policymakers should be prepared to address the following issues, in no particular order:

- CDE has taken the position in this litigation that there will be no separate or special monitoring system for Ravenswood; in other words, its system for monitoring Ravenswood is the same system that it uses, and will use, to monitor other districts. This means that any changes needed to comply with the consent decree (and to ensure ongoing compliance with federal law) will be made to CDE's statewide system, and that this Court's review for compliance with the consent decree involves the review of that system. However, at the most recent

- status conference, counsel for CDE appeared to be attempting to back away from this, so the Court would like clarification from the policymakers.
- In light of the above, there appears to be substantial overlap between this case and *Morgan Hill Concerned Parents Association v. California Department of Education*, No. 2:11-cv-3471-KJM-AC, which is being litigated in federal court in Sacramento. However, at a prior status conference in this case, counsel for CDE stated that he had not been coordinating with the lawyers in the Attorney General's Office who are defending CDE in the *Morgan Hill* case. The Court would like clarification from the policymakers about the degree to which the two cases overlap.
- The Court is tentatively inclined to adopt a process in this case going forward that is fairly similar to what the plaintiffs have proposed in their March 12 filing (but without such long time intervals between reports from the various parties, and without such long time intervals between the filing of those reports and the court hearings on CDE compliance). The Court would like to hear from the policymakers about this proposed approach.

Following this discussion with the policymakers, the Court will ask the Court Monitor to make a presentation on the biggest concerns he has with CDE's ability to get in compliance with federal law and with the consent decree. After that, the Court will ask the plaintiffs (and Ravenswood, if it wishes) to offer comments on any of the topics discussed that they may wish to address. If there are any other issues that the parties or Court Monitor wish to bring to the Court's attention relating to the case, they will have an opportunity to do so.

In addition, the plaintiffs should prepare a draft document that elaborates on the four categories of compliance they identified in their March 12 filing. This document should describe, in narrative form, each of the things the plaintiffs believe CDE must accomplish to get in compliance on each category. The document should be written so that the reader does not have to cross-reference other documents, and if the plaintiffs wish to include language from the

existing Corrective Action Plan in preparing this draft document, they may do so. The goal of the draft document should be to help the Court understand the steps necessary for CDE to be in compliance with the Corrective Action Plan. It is not meant to be a rewrite of the Corrective Action Plan – just to recategorize the already agreed upon steps in the four proposed categories. The plaintiffs should file this draft document by 10 a.m. on the day of the hearing. CDE is welcome to share its views on the draft document and the four proposed categories at the hearing.

The Court has blocked out the full day for this hearing but is assuming it will end around 3 p.m.

**IT IS SO ORDERED.**

Dated: March 22, 2018

VINCE CHHABRIA
United States District Judge