**United States District Court**
**Office of the Court Monitor**
*Emma C., et al., v. Tony Thurmond, et al.* **(No. C96-4179 VC)**

**Mark A. Mlawer**                                                    **mmlawer@rcn.com**
**Court Monitor**

# Court Monitor's Review of the California Department of Education's Resolution of Two Complaints Concerning Ravenswood

September 13, 2019

The California Department of Education (CDE) provided copies of two investigation files of complaints to the Court Monitor for review on August 16, 2019. The complaints were resolved by CDE between May and July 2019.  Each complaint concerns one student (Case # S-0748-18/19 and Case # S-0901-18/19).

## I.  Regulatory Requirements Governing State Complaint Procedures

Current federal regulations that govern the complaint procedures of state educational agencies under the Individuals with Disabilities Education Act (IDEA) are found at 34 C.F.R. §§300.151-300.153.  These regulations provide for a time limit of sixty days for a state educational agency to:

- conduct an independent, on-site investigation of the complaint, if the state educational agency determines that such is necessary;
- give the complainant the opportunity to submit additional oral or written information related to the complaint; and
- issue a written decision that addresses each allegation in the complaint, and contains findings of fact, conclusions, and the reasons for the state educational agency's decision.

Extension of the sixty-day timeline is permitted "only if exceptional circumstances exist with respect to a particular complaint," or if the complainant and public agency agree to extend the time in order to pursue alternative means of dispute resolution.[1]

Complaints must be written and signed documents, and must allege violations that occurred within the prior one year.  Further, in cases of failure to provide students with appropriate services, state educational agencies are required to address how to remediate that failure, including monetary reimbursement if appropriate or other appropriate corrective actions such as compensatory services.  In general, state educational agencies "must resolve complaints in a way that provides individual relief, when appropriate, and addresses systemically the provision of appropriate services for all children with disabilities."[2]

Finally, state educational agencies must resolve any and all complaints that allege violations of Part B of the IDEA.  This includes complaints concerning a free appropriate public education, least restrictive environment, identification, and evaluation.[3]

---

[1] OSEP Memo 13-08, Dispute Resolution Procedures under Part B of the Individuals with Disabilities Education Act, Question B-21 (OSEP 2013).

[2] Patricia J. Guard to Fran Workomski, 3/30/01, pp. 1-2; see also 34 C.F.R. §300.151(b)(2).

[3] OSEP Memo 13-08, Dispute Resolution Procedures under Part B of the Individuals with Disabilities Education Act, Questions B-5-10 (OSEP 2013).

## II.  Timeliness

**Case # S-0748-18/19:**

An attorney filed the complaint on behalf of a student residing in the Ravenswood City Elementary School District.  CDE received the complaint on March 27, 2019.  CDE investigated and issued its initial decision on May 22, 2019, within the sixty-day timeline required by the federal regulations.  Therefore, this complaint resolution complies with the regulatory timelines.

**Case # S-0901-18/19:**

An attorney filed the complaint on behalf of a student residing in the Ravenswood City Elementary School District.  CDE received the complaint on May 13, 2019.  CDE investigated and issued its initial decision on July 11, 2019, within the sixty-day timeline required by the federal regulations.  Therefore, this complaint resolution complies with the regulatory timelines.

## III.  Quality of Complaint Resolution

**Case # S-0748-18/19:**

The Complainant alleged that the District failed to comply with the requirements pertaining to evaluations when the District failed to respond to the parent's request for an evaluation within the required timelines.  CDE sent a letter dated April 4, 2019 to the District acknowledging the complaint, identifying the allegation, and requesting documentation.  In the same letter CDE provided the District the opportunity to submit additional relevant information for consideration during the complaint investigation.

The CDE Complaint Resolution Screening Worksheet indicates that the Complainant did not provide a release of information, which would have permitted CDE to disclose personally identifiable information to the Complainant.   Without parent authorization, CDE was prohibited from communicating directly with the third party Complainant.

The Compliance File Record documents that telephone messages were left with the Complainant on April 4th, April 22nd, and May 3rd.  CDE issued a written decision on May 22, 2019 addressing the single issue in the complaint.  As a result of the investigation, CDE found the District to be out of compliance because it failed to timely evaluate the student after the parent requested an evaluation, exceeding the deadline by ten calendar days.  The conclusions in CDE's report are supported by the Findings of Fact and grounded in relevant legal authority.  The quality of the complaint resolution is consistent with the federal regulations implementing the IDEA.

**Case # S-0901-18/19:**

The Complainant alleged the District failed to comply with the requirements pertaining to evaluations when the District failed to assess the student and hold an IEP meeting with the required timeframe.  CDE sent a letter dated May 17, 2019 to the District acknowledging the complaint, identifying the allegation, and requesting

documentation.  In the same letter CDE provided the District the opportunity to submit additional relevant information for consideration during the complaint investigation.

The CDE Complaint Resolution Screening Worksheet indicates that the Complainant did not provide a release of information, which would have permitted CDE to disclose personally identifiable information to the Complainant.  Without parent authorization, CDE was prohibited from communicating directly with the Complainant.

The Compliance File Record documents that telephone messages were left with the Complainant on May 16th, May 17th, and May 23rd.  CDE issued a written decision on July 11, 2019 addressing the single issue in the complaint.  As a result of the investigation and the District's acknowledgement of the error, CDE found the District to be out of compliance for failing to convene an IEP team meeting within the sixty-day timeline to review the results of the assessment.  The conclusions in CDE's report are supported by the Findings of Fact and grounded in relevant legal authority.  The quality of the complaint resolution is consistent with the federal regulations implementing the IDEA.

## IV.  Quality of Corrective Actions

### Case # S-0748-18/19:

CDE found that the District initiated corrective action prior to the issuance of CDE's decision.  On April 29, 2019, the District provided training as evidenced by the handout, "Special Education Timelines in California," the PowerPoint training slides on the same topic, and a sign-in sheet confirming that 21 District staff members participated in the training.  CDE indicated that no further corrective action was warranted.

The District-initiated corrective action is sufficient to address the failure to timely evaluate the student.  The corrective action meets the requirements of IDEA.

### Case # S-0901-18/19:

CDE ordered the District to provide training to the school administrators and special education staff, to complete the student's evaluation, and to convene the IEP team meeting.

The action is sufficient to address the District's failure to timely complete the evaluation and convene the IEP team.  It is also sufficient to assist in changing the practice of the District in the future.  The corrective action meets the requirements of IDEA.

## V.  Conclusion

CDE's resolution of these complaints complied fully with the federal requirements governing the investigation and resolution of IDEA complaints.

3