UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMMA C., et al.,

        Plaintiffs,

v.

TONY THURMOND, et al.,

        Defendants.

Case No. 96-cv-04179-VC

**ORDER RE FURTHER FILINGS ON SELECTION OF SMALL DISTRICTS FOR MONITORING**

Re: Dkt. No. 2580

        The plaintiffs, state defendants, and the monitor should submit further filings discussing the methods for selecting small LEAs for monitoring by June 26, 2020.

        As explained last Wednesday, the Court is concerned that the state's proposed method for identifying problematic small LEAs is unreasonable. The parties discussed these concerns in the context of school-aged intensive monitoring, but they extend to the state's grouping and disaggregation method more generally. Accordingly, the parties should include preschools and targeted monitoring in their discussions. They should also be sure to address the various alternatives for selecting small LEAs identified at Wednesday's hearing, and any other plausible alternatives they can think of.

        In addition, the parties should discuss why charter schools connected with charter SELPAs should be grouped with other small LEAs, as opposed to dividing the former into their own groups and the latter into their own groups.

        Furthermore, it seems possible, based on Wednesday's discussion, that it could be rational to exclude small school-aged LEAs from the intensive monitoring process entirely, for at least two reasons: (i) small LEAs perform better on the whole than large LEAs; and (ii) the

process of targeted monitoring might end up being more comprehensive when applied to small LEAs. The parties should make sure to address this issue as well.

With respect to targeted monitoring, the parties should also address whether the secondary standards for selecting individual LEAs from a group are rational. *See* Dkt. No. 2553, at 10 (listing the standards). Some may be unreasonably low, and some may be unreasonably high. For example, an LEA will be flagged for low participation on English or math assessments only if no students participate. Conversely, an LEA with even one student in a separate classroom more than 40% of the time will be selected for monitoring, even if that placement was entirely reasonable and necessary. The Court is aware that the state may end up revisiting these standards when it develops new targets for the next six-year cycle, but the parties should address whether the current standards will reliably identify districts for the appropriate type of targeted monitoring.

The Court accepts the state's explanation that a small LEA's performance cannot be reliably gauged according to its percentages of success across any given indicator (with the exception of child find). Accordingly, the plaintiffs' and the monitor's assessment measures should not depend on these percentages, and it will not be helpful to describe an individual small LEA as "low performing" on the grounds that it has lower percentages of success compared to other small LEAs.

**IT IS SO ORDERED.**

Dated: June 18, 2020

_____
VINCE CHHABRIA
United States District Judge