ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General
KIRIN K. GILL, State Bar No. 259968
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6172
 Fax: (916) 324-5567
 E-mail: Kirin.Gill@doj.ca.gov
*Attorneys for Defendants
California Department of Education, Tony Thurmond, in his official capacity as the State Superintendent of Public Instruction, and State Board of Education*

William Koski, SBN 166061
MILLS LEGAL CLINIC
STANFORD LAW SCHOOL
YOUTH & EDUCATION LAW PROJECT
559 Nathan Abbott Way
Stanford, California 94305-8610
Tel:  (650) 724-3718
Fax:  (650) 723-4426
Email: bkoski@stanford.edu

Leecia Welch, Esq., SBN 208741
Freya Pitts, Esq., SBN 295878
NATIONAL CENTER FOR YOUTH LAW
212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Fax: (510) 835-8099
Email: lwelch@youthlaw.org
fpitts@youthlaw.org
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA C., et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>THURMOND, et al.,<br><br>　　　　　　　　　　Defendants. | 3:96-cv-04179-VC<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING STATE'S COMPLIANCE AT PHASE 1 - IEP IMPLEMENTATION DATA COLLECTION**<br><br>Judge: The Honorable Vince Chhabria |

Pursuant to the Court's instructions at the June 2, 2021 Evidentiary Hearing regarding IEP Implementation Data Collection (Dkt. 2637), the Parties, Plaintiffs Emma C. et al. and Defendants California Department of Education, Tony Thurmond, in his official capacity as the State Superintendent of Public Instruction, and State Board of Education (collectively, State Defendants or the State) hereby stipulate as follows:

WHEREAS, on August 17, 2018, the Court issued an order (Dkt. 2428) in which it determined that the State was largely in compliance with its obligation to collect the statewide data it needs to fulfill its monitoring and enforcement responsibilities under the federal Individuals with Disabilities Education Act and the First Amended Consent Decree (FACD), but that the State was out of compliance with federal law and the FACD with respect to data collection to help the State identify school districts that are not providing the services promised in individual education programs (IEPs);

WHEREAS, on March 12, 2021, State Defendants submitted their IEP Implementation Data Collection and Sampling Methodology Submission (March 12, 2021 IEP Implementation Data Collection Submission) (Dkt. 2627);

WHEREAS, on April 9, 2021, the Monitor submitted his Review of the State's March 12, 2021 IEP Implementation Data Collection Submission (Dkt. 2630);

WHEREAS, on April 23, 2021, State Defendants submitted their Response to the Monitor's Review of the State's March 12, 2021 IEP Implementation Data Collection Submission (April 23, 2021 IEP Implementation Data Collection Submission) (Dkt. 2632);

WHEREAS, on May 14, 2021; Plaintiffs submitted their Response to State Defendants' March 12, 2021 and April 23, 2021 IEP Implementation Data Collection Submissions and the Monitor's Review of the March 12, 2021 IEP Implementation Data Collection Submission (Dkt. 2635);

WHEREAS, on June 2, 2021, the Court conducted an Evidentiary Hearing on the State's compliance with its obligations under the FACD and with federal law regarding statewide data collection on IEP Implementation (Dkt. 2637);

1

STIPULATION AND [PROPOSED] ORDER RE:
STATE'S COMPLIANCE AT PHASE 1 – IEP IMPLEMENTATION DATA COLLECTION (3:96-cv-04179-VC)

WHEREAS, at the conclusion of the June 2, 2021 Evidentiary Hearing, the Court found that the State was in compliance with its obligations under federal law and the FACD with respect to statewide data collection to help the State identify school districts that are not providing the services promised in IEPs, and had adequately addressed the deficiencies identified in the August 17, 2018 Order (Dkt. 2428) with respect to the same, in light of: (1) the State's March 12, 2021 and April 23, 2021 Submissions on IEP Implementation (Dkts. 2627 & 2632), and (2) the State's policymakers' testimony at the June 2, 2021 hearing in which they represented that the State will undertake the following actions to meet its obligations under federal law and the FACD:

(A) For purposes of determining the percentage rate the State will use to measure an local education agency's (LEA's) implementation of IEP services as part of the State's annual statewide data collection, as part of its proposed pilot collection (as set forth in Dkts. 2627 and 2632), the State will collect data from LEAs at the following percentage rate ranges: 100 to 95% of IEP services implemented, 94.9 to 90% of IEP services implemented; and less than 90% of IEP services implemented;

(B) As part of its annual statewide data collection regarding an LEA's implementation of IEP services, the State will require that each Superintendent of each LEA certify to the State that the data submitted regarding an LEA's implementation of IEP services are accurate and that school principals have certified to the LEA's Superintendent that such submitted data are accurate; and

(C) To assess the validity and reliability of data submitted in response to the State's annual statewide data collection regarding an LEA's implementation of IEP services, for those LEAs who submit such data, the State will randomly select 10% of those LEAs and audit the data submitted by those LEAs regarding the LEA's implementation of IEP services.

NOW THEREFORE, the Parties hereby submit this stipulation and respectfully request that the Court enter an order finding that the State is in compliance with its obligations under federal law and the FACD with respect to statewide data collection to help the State identify school districts that are not providing the services promised in IEPs, and that the State has adequately addressed the deficiency identified in the August 17, 2018 Order (Dkt. 2428) with respect to the

2

STIPULATION AND [PROPOSED] ORDER RE:
STATE'S COMPLIANCE AT PHASE 1 – IEP IMPLEMENTATION DATA COLLECTION (3:96-cv-04179-VC)

same, in light of (1) the State's March 12, 2021 and April 23, 2021 Submissions on IEP Implementation (Dkts. 2627 & 2632) and (2) the State's policymakers' testimony at the June 2, 2021 hearing.

Dated: June 14, 2021

Respectfully submitted,
ROB BONTA
Attorney General of California
DARRELL W. SPENCE
Supervising Deputy Attorney General

*/s/ Kirin K. Gill*
KIRIN K. GILL
Deputy Attorney General

*Attorneys for Defendants California Department of Education, Tony Thurmond, in his official capacity as the State Superintendent of Public Instruction, and State Board of Education*

YOUTH AND EDUCATION LAW PROJECT –
STANFORD LAW SCHOOL
By: _____/s/_____
William S. Koski

NATIONAL CENTER FOR YOUTH LAW
By: _____/s/_____
Leecia Welch
Freya Pitts

*Attorneys for Plaintiffs Emma C., et al.*

Pursuant to Local Rule 5-1(i)(3) regarding signatures, I, Kirin K. Gill, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 14th day of June, 2021, at Sacramento, California.

*/s/ Kirin K. Gill*
Kirin K. Gill

SA2005104070
35195725.docx

3

STIPULATION AND [PROPOSED] ORDER RE:
STATE'S COMPLIANCE AT PHASE 1 – IEP IMPLEMENTATION DATA COLLECTION (3:96-cv-04179-VC)

# [~~PROPOSED~~] ORDER

Pursuant to the terms of the Stipulation And [Proposed] Order Regarding the State's Compliance at Phase 1 – IEP Implementation Data Collection, the Court finds that the State is in compliance with its obligations under the federal Individuals with Disabilities Education Act and the First Amended Consent Decree with respect to statewide data collection to help the State identify school districts that are not implementing the services promised in individual education programs (IEPs), and has adequately addressed the deficiencies identified in the August 17, 2018 Order (Dkt. 2428) with respect to the same, in light of: (1) the State's March 12, 2021 and April 23, 2021 Submissions on IEP Implementation (Dkts. 2627 & 2632), and (2) the State's policymakers' testimony at the June 2, 2021 hearing in which they represented that the State will undertake the following actions to meet its obligations under federal law and the FACD:

(A)   For purposes of determining the percentage rate the State will use to measure an local education agency's (LEA's) implementation of IEP services as part of the State's annual statewide data collection, as part of its proposed pilot collection (as set forth in Dkts. 2627 and 2632), the State will collect data from LEAs at the following percentage rate ranges: 100 to 95% of IEP services implemented, 94.9 to 90% of IEP services implemented; and less than 90% of IEP services implemented;

(B)   As part of its annual statewide data collection regarding an LEA's implementation of IEP services, the State will require that each Superintendent of each LEA certify to the State that the data submitted regarding an LEA's implementation of IEP services are accurate and that school principals have certified to the LEA's Superintendent that such submitted data are accurate; and

(C)   To further assess the validity and reliability of data submitted in response to the State's annual statewide data collection regarding an LEA's implementation of IEP services, for those LEAs who submit such data, the State will randomly select 10% of those LEAs and audit the data submitted by those LEAs regarding the LEA's implementation of IEP services.

**IT IS SO ORDERED.**

4

STIPULATION AND [PROPOSED] ORDER RE:
STATE'S COMPLIANCE AT PHASE 1 – IEP IMPLEMENTATION DATA COLLECTION (3:96-cv-04179-VC)

Dated: June 18, 2021

_____
VINCE CHHABRIA
UNITED STATES DISTRICT COURT JUDGE

5

STIPULATION AND [PROPOSED] ORDER RE:
STATE'S COMPLIANCE AT PHASE 1 – IEP IMPLEMENTATION DATA COLLECTION (3:96-cv-04179-VC)

# CERTIFICATE OF SERVICE

Case Name: **Emma C., et al. v. Thurmond, et al.**   No. **3:96-cv-04179-VC**

I hereby certify that on June 14, 2021, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STIPULATION AND [PROPOSED] ORDER REGARDING STATE'S COMPLIANCE AT PHASE 1 - IEP IMPLEMENTATION DATA COLLECTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 14, 2021, at Sacramento, California.

| Natalie Y. Quinonez | */s/ Natalie Y. Quinonez* |
|---|---|
| Declarant | Signature |

SA2005104070
35195705.docx