UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA C., et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>TONY THURMOND, et al.,<br><br>       Defendants. | Case No. 96-cv-04179-VC<br><br>**ORDER RE STATE'S COMPLIANCE AT PHASE 4**<br><br>Re: Dkt. No. 2850 |

       This order assumes the reader is familiar with the Court's prior orders in this case, especially the orders regarding compliance at Phase 3A and 3B, which describe in detail the state's "Compliance and Improvement Monitoring" process (or "CIM" process).

       In Phase 4, the State was obligated to address three outstanding issues: (1) the State's plan for inclusion of IEP implementation data in the selection of school districts for the CIM process; (2) the State's plan for including restraint and seclusion data in the selection of school districts for the CIM process; and (3) the State's plan for selecting small school districts for monitoring.[1] For each of these three issues, the State created plans to monitor data quality and created benchmarks to select school districts for participation in both the CIM process and for activities specific to improving their data processes. At the evidentiary hearing, the State demonstrated that it thoughtfully considered how best to integrate IEP implementation and restraint and seclusion data into its CIM process. Given that this data has been collected for only

---

[1] In the interest of accessibility and readability, this order uses the term "school district" where the IDEA and the parties use the term "local educational agency," or LEA. An LEA is very often the same as a school district, though not always. For example, a standalone charter school is an LEA, but would not be thought of as a school district.

two collection periods, beginning in the 2022-23 school year, it is likely the State's plans will evolve as data quality improves. The State also expressed that it is open to reevaluating its flags and tiering process over time.

As the Court has previously explained, the consent decree process requires "neither excellence nor perfection" and the State need only show that its "efforts are adequate" under federal law. *Emma C. v. Thurmond*, 668 F. Supp. 3d 902, 904 (N.D. Cal. 2023). Here, the State's papers and supplemental exhibits, the plaintiffs' and court monitor's responses, and the State's testimony at the evidentiary hearing make clear that the State has more than met that threshold. The State is therefore in compliance with the IDEA and the consent decree at Phase 4.

As stated at the hearing, any motion by the State to terminate the consent decree is due November 7, 2024. Any response from the plaintiffs or from amici is due November 21, 2024. A hearing, if necessary, will take place on December 12, 2024.

**IT IS SO ORDERED.**

Dated: October 28, 2024

VINCE CHHABRIA
United States District Judge