UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA C., et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>TONY THURMOND, et al.,<br><br>            Defendants. | Case No.  96-cv-04179-VC<br><br>**ORDER VACATING CONSENT DECREE AND TERMINATING FEDERAL COURT OVERSIGHT**<br><br>Re: Dkt. No. 2865 |

   Item number 2,865 on the docket in this 28-year-old case is the State's motion to terminate the consent decree. The plaintiffs have not opposed the motion. The Court invited any interested party opposing termination to file an amicus brief; none has been received. As the rulings issued over the past seven years demonstrate, the State's system for monitoring school districts—and its implementation of that system—is easily in compliance with the IDEA and with the consent decree. *See Emma C. v. Torlakson*, 621 F. Supp. 3d 982 (N.D. Cal. 2018) (Phase 1 Compliance Order); *Emma C. v. Thurmond*, 393 F. Supp. 3d 885 (N.D. Cal. 2019) (Phase 2 Order of Non-Compliance); *Emma C. v. Thurmond*, 472 F. Supp. 3d 641 (N.D. Cal. 2020) (Phase 2 Compliance Order); *Emma C. v. Thurmond*, 668 F. Supp. 3d 902 (N.D. Cal. 2023) (Phase 3A Compliance Order); *Emma C. v. Thurmond*, No. 96-CV-04179, 2024 WL 3560720 (N.D. Cal. July 26, 2024) (Phase 3B Compliance Order); *Emma C. v. Thurmond*, No. 96-CV-04179, 2024 WL 5103092 (N.D. Cal. Oct. 28, 2024) (Phase 4 Compliance Order).

   Separately, the consent decree should be vacated under any reasonable application of Rule 60(b)(5). To the extent any individual school district deprives a student or a group of students of access to an appropriate education, that injury can be redressed through a lawsuit

against the district, targeting that particular conduct. And in the future, if the State does such a poor job of monitoring a particular district or group of districts as to violate the IDEA, that harm can also be redressed through an individual lawsuit. "Indeed, case-by-case resolution and accountability is the norm from the perspective of our national Constitution. Consent decrees are the rare exception, with long-running decrees being rarer still." *Shakman v. Pritzker*, 43 F.4th 723, 731 (7th Cir. 2022).

Over time, consent decrees tend to veer away from getting an institutional defendant into compliance with the law, and towards the implementation of the policy preferences of a plaintiff or a court monitor. *See id.* at 732 (discussing how a long-running consent decree "put a federal court in a role tantamount to serving as an indefinite institutional monitor—not much different than an executive or legislative branch oversight agency—focused much more on ensuring that the" institutional defendant "implements best practices rather than eliminates an ongoing violation of federal law"). Over the years, the consent decree in this case probably crossed that line on occasion. To keep it in place any longer would certainly do so.

**IT IS SO ORDERED.**

Dated: December 17, 2024

_____
VINCE CHHABRIA
United States District Judge